THE STATE NATIONAL BANK OF LOUISIANA VS. WILLIE LYONS et al.

52   181
80    93
f80   94

1. HOMESTEAD: *Act of April 18, 1873, construed. Case in judgment.*
L., being indebted to P., executed a deed in trust to secure the same, embracing his residence in Canton, which was worth $10,000. The wife of L. did not join in the deed. The deed was executed in August, 1873. The bank, assignee of the note, filed a bill to determine its rights as creditor, and also the extent of the homestead exemption under the act of April 18, 1873. *Held*, that, as the wife did not join the husband in the deed in trust, it was inoperative and void to the extent of $2,000—the homestead exemption under the act of April 18, 1873—but that the conveyance incumbered the property as to the excess over $2,000 in value, and that it was legitimate and proper for the chancery court to ascertain and separate the exemption, as provided in § 2137 of the Code of 1871.

APPEAL from the Chancery Court of *Madison* County.

Hon. SAM. YOUNG, Chancellor.

The facts of the case sufficiently appear in the opinion of the court.

*J. A. P. Campbell*, for appellants, insisted:

1. That a deed in trust, executed since the 18th day of April, 1873, by a married man without the joinder of his wife, conveying his residence in a town, which exceeds in value $2,000, is not wholly void, but is merely invalid as to such part as is worth $2,000 (the maximum value of a homestead).

2. That the act of 1873 does not deny to the husband the right to dispose of the "homestead," but is a check on his power to require the consent and joinder of the wife to its exercise. The title of the husband is not divested. The wife is not vested with any interest in the land. She is invested with a negative on the *jus disponendi*.

3. That the estate conveyed by Lyons is not a homestead within the meaning of the law, and was not exempt from execution at the date of the act of April, 1873, or of the deed in trust, and the deed in trust being invalid only to the extent of $2,000 in value, and as the holder of the debt secured has invoked the aid of chancery, it will adopt the rule prescribed

by law for proceeding under an execution in such cases. Sargent *v.* Wilson, 5 Cal., 506 ; Moss *v.* Warner, 10 ib., 296 ; Young *v.* Graff, 28 Ill., 20 ; Smith *v.* Miller, 31 ib., 157 ; Boyd *v.* Cudderback, ib., 113 ; Booker *v.* Anderson, 35 ib., 86 ; Brown *v.* Coon, 36 ib., 243 ; Schoway *v.* Brown, 12 Allen, 32 ; Connor *v.* McMurray, 2 ib., 205 ; Smith *v.* Prorin, 4 ib., 516 ; White *v.* Rice, 5 ib., 76 ; Doyle *v.* Coburn, 6 ib., 71 ; Beecher *v.* Baldy, 7 Mich., 488 ; Dye *v.* Mann, 10 ib., 291 ; McKee *v.* Wilcox, 11 ib., 360 ; Gunnison *v.* Twitchell, 38 N. H., 62 ; Horn *v.* Tufts, 39 ib., 485 ; Foss *v.* Strachn, 42 ib., 42 ; Smith *v.* Brackett, 36 Barb., 571 ; Brewer *v.* Wall, 23 Texas, 589 ; Hait *v.* Houle, 19 Wis., 472 ; Howe *v.* Adams, 28 Vt., 544 ; Davis *v.* Andrews, 30 ib., 678 ; Jewett *v.* Brock, 32 ib., 65.

*George Harvey*, for appellees, contended :

1. That a deed in trust, executed by a married man since the act of April 18, 1873, upon his homestead, without the joinder of his wife, is absolutely void on its face.

2. That it was not the intention of the legislature to exempt only $2,000 worth of property ; that there is not a single word in the act of 1873 to justify such an assumption ; that if the legislature intended to restrict the value of a homestead there would have been a proviso in the act, to that effect.

SIMRALL, C. J., delivered the opinion of the court.

Willie Lyons in August, 1873, conveyed to Shackleford and Harvey the premises upon which he resided with his family, in the town of Canton, to secure a large indebtedness to Messrs. J. N. & H. M. Payne.   The property was a lot 504 feet by 900 feet, upon which was a large and valuable dwelling-house, with out-buildings to correspond, worth $10,000.   The note, secured as above stated, being past due, the complainants, as owners of the debt, exhibited this bill to settle and define their rights as creditors in respect of the property, and also those of Lyons in respect to his claim to the homestead exemption.   The complainants do not contravene the right of Lyons to the

homestead.  A demurrer was sustained to the bill, and it was dismissed—dismissed, it may be inferred, because the conveyance of the property was without the concurrence of, the wife.

Under the legislation in this state, prior to the statute of 1867, the homestead exemption was a privilege of the debtor to be enjoyed and continued on the terms of occupancy as a residence.  When that use of it was abandoned a judgment creditor could at once levy upon it.  Whitworth v. Lyons, 39 Miss.

The act of 1867 allowed the debtor to sell the property for the purpose of investment in another homestead, and gave immunity to the purchase money for one year, as the property itself was protected against creditors.  Until the passage of the act of 1873, 18th April (pamphlet acts 1873, pp. 78, 79), the administration and dominion over the homestead belonged exclusively to the head of the family.  The wife had no vested interest which would be protected by a court of equity.  Thoms v. Thoms, 45 Miss., 272.  The wife and children were often sufferers from the prodigality and imprudence of the husband and father.  The single purpose of this statute was to deprive the husband of the power to dispose of the homestead without the consent and concurrence of the wife.  The words of § 1 are, "that it shall not be lawful for a married man to sell or otherwise dispose of his homestead without the consent of his wife, and no deed of conveyance from the husband for the homestead shall be valid unless the wife shall join in such conveyance."  It is in the power of the wife to retain the homestead by refusing to join in the deed of her husband.  That Mrs. Lyons did in this case.  It is the "homestead" that cannot be sold or disposed of without the wife's consent.  Referring to the Code of 1871, § 2135, we find a very clear definition or description of what it is, viz. : " the land and buildings owned and occupied as a residence by the debtor, provided the quantity shall not exceed eighty acres, nor the value, inclusive of improvements, the sum of two thousand dollars."  The exemption extends to a residence in a city or town,

not to exceed $2,000 in value. The same provisions which adjust the rights of creditor and debtor as to rural property apply to urban. These are to be found in §§ 2136, 2137. These sections lay down a mode by which the debtor may have allotted to him his homestead, and also what shall be done if the premises cannot be divided so as to give the debtor what will not exceed $2,000 in value. In any event that seems to be the ultimatum that the law subtracts from the debtor's property for his benefit. It is this homestead that the husband cannot sell or dispose of. It is this measure of exemption from the larger body of land attached to the residence in the country, as if it were laid off by metes and bounds and valuation, that he cannot dispose of without the wife's concurrence. And so it is that that amount in value, to be subtracted from the town or city residence, he cannot sell or convey. The prohibition applies to no more of his property than what the law has defined to be his homestead. As to all the residue of his real estate his power of sale and disposition is not abridged by the act of April 18, 1873, although that residue may be parcel of the rural plantation and residence, or the town or city residence. The statute of California, like ours, made void the alienation without the signature of the wife, acknowledged, etc. In Sargent v. Wilson, 5 Cal., 506, the same question arose under the statute of that state as occurs in the case before us, and it was held that the purpose was to reserve a certain amount for the support of the family, and any excess over this value was subject to the husband's disposition. That ruling was followed in Moss v. Warner et ux., 10 Cal., 297. The conveyance of Lyons to Harvey and Shackleford was of no validity to the extent of $2,000 in value of the exemption in the premises which constituted the debtor's family residence, but as to the excess it was a valid incumbrance on the property.

It was eminently proper that the complainants should, in advance of a sale by the trustees, have brought this bill, so that they might realize out of the premises so much as was bound

for their debt, and the debtor have secured either in property, if practicable, or, if not, in money, out of the proceeds of the sale, $2,000 for investment in another homestead. It was error, therefore, to have sustained the demurrer and dismissed the bill. If the complainants shall establish their right to relief, the chancellor ought to ascertain, or cause it to be done, whether the lot can be so divided as to allow the dwelling-house to be retained by the debtor on a valuation, he to pay, as prescribed by § 2137, the excess of the valuation over $2,000. If he does not so pay, then it shall be sold, and, if it brings more than $2,000, the excess to go to complainants. If the premises cannot be so divided into two or three separate parcels, with the dwelling-house, appurtenant buildings, and a convenient quantity of land attached on said parcel, then the whole premises may be sold, and $2,000 paid to the debtor and the excess to complainants.

Decree sustaining the demurrer reversed, and judgment here overruling the demurrer, and cause remanded with leave to defendants to answer in fifty days from this date.

Justice CAMPBELL, having been of counsel, takes no part in this decision.