ROWENA L. M. NIXON v. FRANK S. HEWES ET AL.

HOMESTEADS.   *Declarations.*   Code 1892, §§ 1972, 1973.   *Sale.   Joinder of wife.*   Code 1892, § 1983.

A husband who has made a homestead declaration, under code 1892, §§ 1972, 1973, providing for an increased exemption in case such declaration is put of record, designating as his homestead land of greater value than $3,000, may convey a part thereof, before revoking the declaration, without his wife joining in the deed, where the value of the remainder of the land designated in the declaration equals or exceeds said sum; his deed not being within code 1892, § 1983, providing that a husband's deed to his homestead shall be void, if he be living with his wife, unless she join therein.

FROM the chancery court of Harrison county.

HON. STONE DEAVOURS, Chancellor.

Miss Nixon, the appellant, was the complainant in the court below; Hewes and others, appellees, were defendants there. The demurrer of defendants to the complainant's bill was sustained, and the suit was dismissed.   The complainant appealed to the supreme court.

The facts are these: The late Col. Roderick Seal, on the 29th day of July, 1899, signed and acknowledged a homestead dec-

laration, under code 1892, §§ 1972, 1973, by which he designated the lands in controversy, with other land, as his homestead. He did not, however, lodge the same for record until the 24th day of August, 1899. On the very next day, August 25, 1899, he executed and delivered to appellant a deed, conveying to her a tract of land, a part of which was embraced in the hosestead declaration, and which part is the land now in controversy. The wife of the grantor was living with him at the time, but did not join in this deed. Thereafter, Col. Seal, the grantor, having died, his heirs, including his widow, sold the land, and the defendants, appellees, hold under them.

The bill of complaint averred that at the time of the execution of the declaration of homestead, and when the deed to complainant was made, the property embraced in the declaration was of greater value than $3,000, and that the property therein, excluding that now in controversy, was not less in value than said sum. The prayer was for an adjudication that complainant owned the property conveyed to her, and that the claims of defendants thereto were clouds upon her title.

*Harper & Harper,* for appellant.

The bill alleges, and the demurrer admits, that the part of the homestead that was covered by the declaration, after the fifty feet really involved in this declaration had been sold off, was worth in value greatly in excess of $3,000.

It is contended by demurrant that because Roderick Seal filed a declaration of homestead to property worth ten thousand dollars, that he was bound hand and foot, body and soul, by the declaration, and could not afterward dispose of any excess over the value of $3,000. This is held in the face of the statute, § 1973, code 1892, "The declaration for not more than one hundred and sixty acres, and not exceeding in value $3,000 . . . and shall moreover entitle him to hold the same as exempt to the extent of such value."

The question presented is not an open one in this state. It

has been fairly and well settled in the case of *Bank of Louisiana* v. *Lyons,* 52 Miss., 181.

Our present statute reads: "A conveyance, mortgage, deed of trust, or other incumbrance upon the homestead exempted from execution, shall not be valid or binding unless signed by the wife of the owner, if he be married and living with his wife."

The statute makes no distinction between a deed of conveyance and a mortgage, if the husband can mortgage the excess in value, as decided in *Bank* v. *Lyons, supra;* he can just as well dispose of it by sale or absolute deed.

The question was again presented in *Howard* v. *Bush,* 54 Miss., 488, in which Justice Campbell said:

"There can be no question of the right of the holders of the deed of trust to subject the property as to its value in excess of two thousand dollars, the maximum of the homestead exemption. That was settled in the case of the *Bank of Louisiana* v. *Lyons.*"

*E. J. Bowers* and *McWillie & Thompson,* for appellees.

The question presented involves a construction of §§ 1972, 1973, code 1892, and pivots upon the enquiry whether a declaration thereunder binds the declarant until he avoids its effects by a new declaration, as is provided in the statute.

The purpose of a statute is influential, and its history aids in determining its proper construction. The code of 1892 contains a number of new provisions, among them the sections under consideration, whose purposes were to perfect the public records of land titles, and to prevent such titles from resting in parol. By the statute, a premium is awarded to the homesteader who will declare his homestead and make a description of the same a matter of public record. It was expected that the statute would be availed of even more largely than it has been; that its practical operation would in a few years make of record a large majority of homesteads; and so it will if lands continue to advance in value, and it should be followed by

legislation cutting off the right to claim a homestead unless a declaration be recorded. The purpose being to make a perfect public record of the homestead, can it be that the homesteader's declaration does not bind him as to what constitutes his homestead? Can he take the advantages of a declaration and not assume its burdens, if there be any? By the terms of the statute (§ 1973) the declaration "shall bind the exemptionist, his wife, and his creditors, until he shall execute and file a new declaration." It can be contested, it is true, but those who may contest it are named in the statute itself, creditors of the declarant and his wife. The declarant cannot contest it; he cannot contest with himself. If he be dissatisfied with his declaration, he can amend or vacate it by filing a new declaration; and only by doing so, since the statute provides that the declaration when properly made and recorded shall bind the exemptionist, his wife, and his creditors "until he shall execute and file a new declaration."

The filing of the declaration by Col. Seal certainly, as provided by the statute, gave "notice to all persons to be affected thereby," and it did more than this; it estopped Col. Seal from asserting, certainly as against his wife, that the property was not his homestead, or that it exceeded three thousand dollars in value. As long as the declaration stood, as long as it was not nullified by another later in date, it fixed conclusively on Col. Seal that the land therein described was his homestead, and it fixed its value within the limit allowed by law for a homestead. If this were a controversy between Col. Seal and his wife, he could not dispute the declaration in any way, there being no element of fraud or mistake involved. The defendants claim under Mrs. Seal, and have all the rights she had; the complainant claims under Col. Seal, and is bound by everything which bound him.

The words "for not more than one hundred and sixty acres, and not exceeding in value three thousand dollars, or, if the homestead be in a city, town, or village, not exceeding in value

three thousand dollars," following the words, "The declaration," at the beginning of § 1973, are not limitations upon or a description of a character of declarations, which, after being filed for record, shall be notice, etc., and shall bind, etc., because the objections which can be made to a declaration are specified in the statute; the declaration is "subject to contest" if he (the declarant) have declared for too much, or have insufficiently or improperly described the premises; and to contest by creditors on the ground that he was not entitled to a homestead, and by the wife on the ground that it was intended to defraud or circumvent her.

It will not do to say that a declaration for too much is not a declaration at all, and does not bind the exemptionist. Suppose a defendant in a judgment owns five hundred acres of land, and has filed a declaration claiming two hundred specific acres as his homestead, and the other three hundred is then seized upon execution issued on the judgment, could he treat his declaration as a nullity and claim a part of that levied upon? Most certainly not.

In this case the land claimed as a homestead in the declaration did not exceed one hundred and sixty acres; the whole of it was fixed by the declaration as the homestead. It was the declarant's homestead, even if it exceeded $3,000 in value. If it had been levied upon under execution and sold, $3,000 of the purchase money would have been set aside as exempt to the defendant in execution. Every piece of the land would have been equally exempt and equally liable. If Col. Seal's deed to Miss Nixon had undertaken to convey the whole tract, it certainly would have been void in so far as concerns $3,000 worth of the property. Now, who is to say what part of the lands which a husband declares under the statute to be his homestead can he sell without his wife's joinder in the deed, and what parts require her signature to perfect their conveyance? Every foot of it, one as much as the other, is part and parcel of the homestead. This court has repudiated the argu-

ment, and the line of authorities holding that the husband, under statutes like § 1973, code 1892, can sell a part of the homestead, trees off of it, right of way cross it, etc., without the wife joining in the deed, if the comforts and conveniences of the homestead be not diminished, and this, too, in one case where the value of the homestead was increased by the husband's sale. *McKinzie* v. *Shows,* 70 Miss., 388; *Gulf, etc., R. R. Co.* v. *Singleterry,* 78 Miss., 772.

To hold Miss Nixon's deed valid, necessarily leads to the conclusion that a husband whose home exceeds in value $3,000 may convey any part of it he chooses without his wife's signature to the deed, and without consulting her in any way. If the wife have a veto power on the husband's conveyance of the homestead, she has such power on every part of it, and can object to the most desirable room in the dwelling being sold, even if there be left $3,000 worth of land covered perhaps by uncomfortable structures, unfit for human habitation. But the point at last is, that the declaration binds the exemptionist and those holding only his rights. Col. Seal's deed to appellant was void under code 1892, § 1973, and the demurrer was properly sustained.

Calhoon, J., delivered the opinion of the court.

The owner of land, since act 1873, p. 78, and before code 1892, §§ 1972, 1973, in reference to the selection and record of homesteads, might determine his own homestead within the statutory value. He, being the owner, might, and still may, sell or incumber any part of the territory about the place of his home at his own will, and by his own act, if it do not trench on the statutory amount made sacred. To encroach on this, he must have the joinder of his wife. *Bank* v. *Lyons,* 52 Miss., 181, 183. The owner is in no worse nor better situation as to this because of making a record declaration under code 1892, §§ 1972, 1973. The logical conclusion of the contention of appellees is this: That the owner of premises about his house,

---

worth $50,000, could not convey or incumber a $1,000 strip of it without the joinder of his wife, who has no earthly right, title, or interest in any of it, homestead or not, but is simply invested by law with a veto on any touch of the statutory homestead. The legislature never meant, and has never said, such a thing. That body provided for a fair selection, based on a fair valuation, and for a procedure in cases of improper declaration (code, §§ 1975, 1976), and never contemplated preventing any person from doing as he pleased with his own, if he left a statutory homestead. The able opinion in *Bank* v. *Lyons, supra,* applies to the law now as it did to the law then, and we approve its reasoning, its definition of homestead, and its conclusion.

*Reversed and remanded. Demurrer to bill to be overruled, with thirty days to appellees to answer after mandate filed in court below.*