BENSON v. COWELL ET AL.

1. **Contract:** RESCISSION: REASONABLE TIME · FOR PERFORMANCE. Where by the terms of a contract for the sale of land plaintiff was to receive a certain sum of money, which was paid, and also a conveyance of certain other land by a clear and unincumbered title, *held* that after waiting five months for the removal of certain incumbrances upon the latter, he was entitled to a rescission of the contract upon repayment of the sum received.

2. ——: ——: PARTY. The defendant, being the person who was to execute the conveyance under the contract, was a party thereto, though the title to the land was in another.

3. ——: ——: INTEREST. The plaintiff was not required to tender interest upon the money paid him under the contract.

*Appeal from Franklin Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION in chancery to rescind a contract for the sale of lands and to cancel a deed executed therefor by plaintiff, and to quiet the title in plaintiff. There was a decree granting the relief prayed for in the petition. Defendants appeal. The facts of the case appear in the opinion

*W. V. Allen,* for appellants.

*Brown & Binford,* for appellee.

BECK, CH. J.—I. The facts of the case, as disclosed by the testimony, are as follows: Cromwell sold or traded to defendant Cowell certain lands. These lands, or part of them, were, by Cromwell or Cowell, traded to plaintiff. It is, in the view we take of the case, unimportant to determine whether plaintiff made the contract with the one or the other.

The trade with the plaintiff was to this effect: He was to convey to Cowell certain other lands and receive $570 in cash, and a certain mortgage upon the lands traded by him was to be paid by Cowell. The title of the lands to be conveyed to him was to be good and free of incumbrances. The title of these lands was in Cromwell; plaintiff was to convey the lands traded by him to Cowell. Cowell arranged or traded with Cromwell for lands which plaintiff was to obtain in the trade. As a deed could not be at once executed and delivered, it was arranged by the parties that plaintiff was to execute the deed for the lands traded by him, which should be left with Beed to be delivered to Cowell, when a sufficient deed for the lands plaintiff was to receive was executed and delivered, and Cowell was to pay him the $570. The deed was executed and deposited with Beed and the payment made to plaintiff. This was in November, 1875. In December following, the deed to plaintiff for the lands he was to obtain in the trade was executed and left with Beed, but no abstract of the title was furnished. It was discovered that certain incumbrances rested upon the land, and it was claimed that the title was subject to certain defects which plaintiff insisted should be removed. This was not done, though demanded by plaintiff. The title remaining in this condition in May, 1876, plaintiff deposited with Beed the $570 he had received and demanded the deed he had executed should be returned to him, and notified Cowell that the trade was at an end.

II. We are of the opinion that on account of the incumbrances, to say nothing about the alleged defects of the title, 1. CONTRACT: rescision: reasonable time. the contract had not been performed by Cowell or Cromwell, and could not have been when plaintiff repaid the money and declared the contract canceled. He was entitled to a clear and unincumbered title. The other parties had not and could not give it. Was he authorized under these circumstances to rescind? We think he was. Cowell had failed to perform his contract, though five months had passed and he had been requested to perform. While it is true that no time was fixed in which Cowell was to perform, yet he was requested to do so in a reasonable time. He cannot

claim that he was entitled to more than five months in which to perform his agreement. It is not shown that he was reasonably entitled to more.

Plaintiff was entitled to rescind upon restoring Cowell to the condition he was in before the contract. This he did by paying the money he had received. But it is insisted that it was not done for the reason that Cowell in his trade with Cromwell, paid the latter more money than was paid to plaintiff; to restore him to the condition he was in before the trade, it is claimed that he should be reimbursed for the amount paid to Cromwell. We cannot concur in this conclusion. There were two trades in the case, one between Cowell and Cromwell whereby the last obtained the land traded to plaintiff. In this trade Cowell paid Cromwell the money which he claims he should receive. The other was between plaintiff and Cowell, or Cromwell, it matters not which, in which plaintiff agreed to exchange his lands on the terms mentioned. In this trade he received the $570. Before he could rescind he was bound to repay the sum. He had nothing to do with the trade between Cowell and Cromwell, and the testimony shows that he did not know its conditions and terms, at least he did not know how much money Cowell paid. The contract which plaintiff rescinded related to the sale or exchange of his lands. He had nothing to do with any contract or arrangement under which the party with whom he contracted acquired the land traded to him. He was not bound to put Cowell in the same condition he was in before his trade with Cromwell.

III. But it is said that Cowell was not a party to the contract which plaintiff seeks to rescind. This cannot be admitted. Cowell, under the arrangement, was to convey the land to plaintiff, which plaintiff was to receive in the trade, and plaintiff was to convey the land he parted with to Cowell. Surely it cannot be said that these parties were thus to execute conveyances to each other without being parties to a contract. It may be admitted that Cromwell made the contract for these conveyances, but if so he made them as the agent of Cowell.

The foregoing view of the case is based upon elementary

principles of law and leads us to the satisfactory conclusion that the decree of the court below is correct. We find it unnecessary to refer to or examine the authorities referred to by counsel, as they are cited to support doctrines which, in the view we take of the case, need not be applied to it.

IV. Counsel for defendants insist that plaintiff should have paid or tendered interest on the $570 as well as the principal sum itself. The plaintiff did not retain the money wrongfully or in violation of a contract. He, in no sense, was the debtor of defendants; he held the money as a deposit for the performance of the contract. He was not liable for interest.

3 ——: ——;
interest.

Other points in the case need not be discussed. Upon the grounds we have stated we think the decree of the Circuit Court ought to be

AFFIRMED.