Donner v. Redenbaugh.

DONNER v. REDENBAUGH ET AL.

| 61 | 269 |
| 94 | 246 |
| 61 | 269 |
| 117 | 289 |
| 61 | 269 |
| 126 | 728 |
| 61 | 269 |
| 133 | 292 |

1. **Homestead:** CONTRACT TO CONVEY: ORAL CONSENT OF WIFE TO. A written contract made by the husband for the conveyance of the homestead, with only the oral concurrence of the wife, is void.

2. **Specific performance of part of a Contract, the other part being void.** Where a contract to convey lands, including the homestead, was void as to the homestead, the court, in an action for the specific performance of the whole contract, could not decree a conveyance of the land other than the homestead, unless the plaintiff elected to take such partial conveyance, which, in this case, he did not do.

3. **Measure of Damages:** BREACH OF CONTRACT TO CONVEY LAND. In an action for the breach of a contract to convey land, where the contract is in part void, because it embraces the homestead and the wife has not legally concurred therein, it is doubtful whether more than the purchase-money paid and interest thereon can be recovered; and where in such case the payment was made by a certificate of deposit, which defendant retained and tendered into court, *held* that the court did not err in refusing plaintiff any damages whatever.

*Appeal from Harrison District Court.*

TUESDAY, JUNE 12.

ACTION FOR SPECIFIC PERFORMANCE. On Sunday, the twenty-first day of May, 1881, the plaintiff and defendant, John G. Redenbaugh, entered into a written contract in the following words:

"This is a contract between J. G. Redenbaugh and William Donner, to show that J. G. Redenbaugh has sold his farm to William Donner for the sum of $15 per acre, also eighty acres at $12 per acre, on which contract I have received $100 to bind the same." The plaintiff avers that he

has offered to pay, and is now ready to pay, the balance of the purchase-money, and has demanded a deed, but that the defendant has refused to make a deed, and has refused to receive the balance of the purchase-money.

He prays that the defendant be decreed to specifically perform his contract by conveying the land to him; or, in the event that the decree cannot be granted, that he have judgment against the defendant for the sum of $1,500 damages "in loss of purchase-money, advance in price of lands, rents and profits, and other expenses necessarily incurred by reason of the defendant's breach of contract." The matters of defense will be set out hereafter. There was a decree denying a recovery of damages, and granting a specific performance of the contract as to eighty acres, being described in the decree as the "eighty acres of grass land." The plaintiff appeals.

*S. H. Cochran*, for appellant.

*Evans & Rodifer*, for appellees.

ADAMS, J.—No question appears to be raised in regard to the identity of the land or sufficiency of the description. The land mentioned in the contract as Redenbaugh's farm appears to be the northwest quarter of section twenty, township seventy-eight, range forty-two, west; and the tract of "eighty acres" appears to be the west half of the northeast quarter of the same section. It is true, the farm is described by the plaintiff in his petition, as set out in the abstract, as the southwest quarter of section twenty, but we infer from the evidence that it is a mistake of the printer.

The defendants in their answer averred that the contract was made on Sunday, to which the plaintiff replied that it was afterwards ratified. The ratification relied upon consists of an alleged promise to make the deed, and of the retention of the purchase-money so far as the same was paid. As to whether this would be sufficient to justify us in holding either

that there was a ratification of the Sunday contract, or the making of a new one, we need not determine. If we should conclude that it would be, the plaintiff, we think, has not shown himself entitled to any relief.

The defendants averred and proved that they are husband and wife; that from a time prior to the making of the contract

1. HOME-STEAD: contract to convey: oral consent of wife.

they occupied the northwest quarter of the northwest quarter as a homestead, and that the defendant, Mary Redenbaugh, did not join in the contract. The plaintiff endeavors to meet this position by showing that the defendant, Mary Redenbaugh, verbally assented to the contract. But it is well settled that her verbal assent did not make her a party to it. *Stinson v. Richardson*, 44 Iowa, 375. The contract, then, so far as the homestead is concerned, is void. It follows that the court could not decree a specific performance of the entire contract.

As to whether the court could properly decree a conveyance of what was not embraced in the homestead, it is sufficient to

2. SPECIFIC performance of part of a contract, the other part being void.

say that it certainly could not, unless the plaintiff elected to take such conveyance, and the plaintiff not only did not so elect, but complains that the court decreed a conveyance of the tract of eighty acres. The land was purchased as a whole, and doubtless with reference to its suitability for a farm when taken together. Each part, it may be, had a value as an adjunct of the rest. As, then, the entire contract could not be specifically performed, and as the plaintiff did not ask a specific performance of a part, no specific performance can be decreed.

We come, then, to the question as to whether the plaintiff is entitled to damages. He claims that he is. His right to

3. MEASURE of damages: breach of contract to convey land.

damages he predicates upon the alleged fact that the land has increased in value, and that lands generally have increased in value. His prayer is for "damages caused to plaintiff   *   *   *   in advance in price of land." He introduced evidence tending to show that the land in question had increased in value

not less than $5 per acre. In his argument, he claims that he should have had judgment for $1,000, as the amount of the increase in value of the two hundred acres not embraced in the homestead. The rule as to the measure of damages for breach of contract to convey real estate differs somewhat in different cases. In some, the purchaser has been confined to a recovery of the purchase-money paid, with interest. In others, he has been allowed to recover in addition thereto damages for loss of a good bargain; that is, the difference between the contract price and the value, if greater, at the time the contract should have been performed. Whether the one rule or the other is to be applied depends upon the cause of failure. It was said in *Foley v. McKeegan*, 4 Iowa, 11: "If the person selling is honest, and prevented from making the conveyance by unforeseen causes, and which he could not control, the plaintiff should recover only nominal damages. If he has paid the price, or any part thereof, then, of course, in such case, he should recover that sum with interest." On the other hand, it was held that where the vendor, having title, refuses to convey, or has rendered himself unable to convey, or has been guilty of a fraud in entering into a contract to convey land to which he knew he had no title, then the purchaser may recover, in addition to the purchase-money paid and interest, the difference between the contract price and the value, if greater, at the time the contract should have been performed. In a few cases, courts seem to have gone to the extent of holding that, where the vendor fraudulently enters into a contract to convey land to which he knows he has no title or claim, the purchaser may recover, in addition to the purchase-money paid and interest, damages for loss of bargain, estimated with reference to the increased value at the time of trial. *McConnell v. Dunlap*, 1 Hardin, (Ky.) 41, and *Patrick v. Marshall*, 2 Bibb, 40. The measure of damages applied in these cases is the one which the plaintiff would apply in the case at bar.

We do not care to go into a consideration of the question

as to whether the doctrine of the case last cited is sound. The doctrine would not be applicable to the case at bar. The defendant was not guilty of fraud. It is true, he entered into a contract to sell what, without the concurrence of his wife, he had no ability to sell. But the disability was a statutory one. It may be that he should be presumed to have had knowledge of the disability, but, if so, the same presumption would apply to the plaintiff. The fact of the homestead character of a portion of the land, it is shown, was as well known to him as to the defendant. Both parties, doubtless, relied upon securing the wife's concurrence, but both parties knew, or should have known, that it was her right to withhold it, and that there was nothing that she could say about it that would bind her. Whoever contracts for another person's homestead should see to it that he gets the wife's signature; and, if he fails to do that, he knows, or should know, that his contract has no validity. It is not a case of fraud, but rather of a contract left incomplete, or unconsummated, for want of concurrence of a necessary party, and not binding upon anyone. It is doubtful whether in such a case anything could be recovered except the purchase-money paid, and interest. But we need not determine this. We cannot hold that the plaintiff should be allowed in addition thereto the difference between the contract price and such greater sum as the property was worth at the time the contract should have been performed. There is neither averment, proof, nor pretense that the property at that time was worth more than the contract price. As to the payment made, we have to say that it does not appear to constitute a ground of recovery. It was not made in money, but in a certificate of deposit, which the defendant retained and tendered into court. Possibly if the certificate was due and did not bear interest, the plaintiff would be entitled to judgment for interest, but there is no ground shown for such recovery. In denying all recovery of damages, we think that the court did not err. In refusing to decree a conveyance of the homestead, or any part of the quarter-section which em-

braces the homestead, we think the court did not err. As the plaintiff did not ask and does not desire a conveyance of a part without the whole, we think that the court should not have decreed a conveyance of the tract of eighty acres. It is possible that the court intended to leave it to the option of the plaintiff to take the eighty acres or not, but he puts a different construction upon the decree, and we cannot say that it is not susceptible of a different one. We think that the plaintiff's petition should have been dismissed.

REVERSED.