94  241
133  292

JAMES E. JEWEL, Appellant, v. LAFAYETTE NORRIS.

**Breach of Contract: DAMAGES.**  Plaintiff bought a Kansas farm and deeded town property to pay for it.  He made an agreement with defendant to exchange this farm for defendant's homestead and had the Kansas land deeded directly to defendant.  *Held*, that in an action for damages defendant was liable for the Kansas land and not for the town property given for it; and that there was no liability upon tender of a deed to said land.

*Appeal from Buchanan District Court.*—HON. JOHN J. NEY, Judge.

FRIDAY, APRIL 5, 1895.

Action at law to recover the value of property alleged to have been conveyed by the plaintiff for the benefit of the defendant.  When the evidence was fully submitted, the court directed a verdict for defendant, and rendered judgment in his favor for costs. Plaintiff appeals.—*Affirmed*.

*E. E. Hasner* for appellant.

*Charles E. Ransier* and *H. W. Holman* for appellee.
VOL. 94 Ia—16

Robinson, J.—The plaintiff claims that in July, 1893, the defendant purchased of one Frush a farm in Kansas for the sum of four thousand eight hundred dollars; that, to pay a part of the purchase price, the plaintiff, at the request of the defendant, conveyed to Frush a house and four lots in Independence, Iowa, which were of the value of two thousand five hundred dollars, and for which Frush allowed the defendant the sum of two thousand seven hundred dollars; that the defendant agreed to pay to the plaintiff, in land, two thousand five hundred dollars for the property conveyed as stated, but that he has failed and refused to do so. The plaintiff further alleges that his contract with the defendant for the conveyance of the property was partly oral and partly written. He asks judgment against the defendant for two thousand five hundred dollars. The defendant denies that he purchased a farm of Frush, and alleges: That it was purchased of Frush by the plaintiff, who gave for it a conveyance of the Independence property, as stated, subject to incumbrances thereon to the amount of two thousand three hundred dollars. That, after the plaintiff had purchased the Kansas farm, he desired to exchange it for a farm of the defendant in Buchanan county, which contained three hundred and twenty-three acres, and that the plaintiff and the defendant entered into a written agreement for an exchange of the farms, the parts of which material to a determination of this case are as follows: "This contract, made and entered into by and between Lafayette Norris, of Aurora, Iowa, party of the first part, and James E. Jewel, of Independence, Iowa, party of the second part, witnesseth: That said Norris has this day sold to said Jewel [land in Buchanan county, Iowa, which is described], for which the said Jewel is to convey or

cause to be conveyed to the said Norris [land in Osborne county, Kansas, which is described]; by full warranty deed, subject to twenty-three hundred ($2,300.00) dollars incumbrance, with all interest paid to October 1, 1893, and is to pay to him the sum of five thousand five hundred and seventy-eight ($5,578.00) dollars on March 1, 1894, without interest. * * * Norris is to give possession to his farm March 1, 1894, and Jewel is to give possession of the Kansas land, if desired, by February 15, 1894. Each party is to furnish a full and complete abstract of title to the land he is to convey, showing the same clear of all incumbrances (except the $2,300.00 noted above), liens, and clouds. Jewel is to give Norris deed and abstract of the Kansas land July 15, 1893, and Norris is to give his deed to Jewel on or before August 10, 1893. * * *"

This agreement was signed by Norris and Jewel, but not by the wife of Norris. She refuses to sign it, and refuses to join in any conveyance of the land of her husband, therein described. That land includes their homestead. The defendant, in consequence of the refusal of his wife to ratify the agreement, as he alleges, declines to execute it on his part, and he and his wife duly executed to the plaintiff a special warranty deed for the Kansas farm, and tendered it to him before this action was commenced, and have since kept the tender good. The evidence was sufficient to have authorized the jury to find that the plaintiff has fully performed his part of the agreement, so far as he was permitted to do so by the defendant, and there is no claim that it was not entered into voluntarily and in good faith by both parties to it.

The only question we are required to determine is whether there was sufficient evidence that the defendant, instead of the plaintiff, purchased the Kansas farm, to require the fact to be determined by the jury.

The evidence clearly shows the following: At the time of the transactions in question, the plaintiff was engaged in the real-estate business at Independence, in this state. He bought and sold lands on his own account, and acted as agent for others. In the year 1893 Frush entered into a correspondence with him in regard to the Kansas farm. In the latter part of June, Frush visited Independence, looked at the house and lots of the plaintiff, and at several farms, and authorized the plaintiff to sell the Kansas farm for four thousand eight hundred dollars, and agreed to take in part payment the house and lots, at the valuation of two thousand seven hundred dollars, the purchaser of the farm to take it subject to mortgage thereon to the amount of two thousand three hundred dollars. The defendant had been trying to sell his farm, and the plaintiff had offered to purchase it if he would take as part payment for it the house and lots in Independence; but the defendant had declined the offer, saying he did not desire to own town property. After receiving the offer made by Frush, the plaintiff visited the defendant, told him of the offer, and proposed to buy his farm if he would take the Kansas farm, at the same time telling him that in order to make the purchase it was necessary that the house and lots should be taken by him or by Frush. The plaintiff left with the defendant several letters written by Frush, in which the Kansas farm was described. It was finally agreed that the plaintiff and the defendant should visit Kansas and inspect the farm there, and that was done. The defendant was pleased with the farm. A deed executed by the plaintiff and his wife, conveying the house and lots to Frush, was delivered to him. He paid the plaintiff two hundred dollars. He and his wife executed and delivered to the defendant a deed for the Kansas farm, and the agreement in controversy was

entered into by the plaintiff and the defendant. The
negotiations for the Kansas farm were wholly between
the plaintiff and Frush. The defendant had not author-
ized them, and was not a party to them, excepting as
he had agreed to take the farm in part payment for his
own. The written agreement shows that the Kansas
farm was sold to the defendant by the plaintiff. In a
letter to the defendant, written by the plaintiff a few
days before they went to Kansas, he spoke of the Kan-
sas farm as "my land." There is no evidence which
would have authorized the jury to find that the Kansas
farm was purchased by the defendant from Frush.
The deed was made by the latter to the defendant as a
matter of convenience, to save the trouble and expense
of one conveyance. It is true, no doubt, that the con-
veyance of the Independence property to Frush would
not have been made by the plaintiff had he not relied
upon his agreement with the defendant to purchase
his farm, but the fact appears to be that he was a party
to two contemporaneous agreements. One was
between himself and Frush by which he had
agreed to convey the house and lots, valued at two
thousand seven hundred dollars, to the latter for his
farm, subject to mortgages thereon, and two hundred
dollars in money. The other was between the plaintiff
and the defendant for the purchase of the Buchanan
county farm, for which the interest acquired by the
former in the Kansas farm was to be conveyed to the
latter for the agreed valuation of two thousand five
hundred dollars. It was the misfortune of the plaintiff
that the second agreement was not so executed that it
could be enforced, and he must be content in this action
with the return of what he gave by virtue of it. That
is not the house and lots, as he claims, but the interest
in the Kansas farm which he caused to be transferred
to the defendant. A conveyance of that to him had

been duly tendered, and he is not entitled to recover more in this action. See *Donner v. Redenbaugh,* 61 Iowa, 269; *Benson v. Cowell,* 52 Iowa, 137. We conclude that the district court was fully authorized to direct a verdict for the defendant. *Meyer v. Houck,* 85 Iowa, 319. The judgment is therefore *affirmed.*