Chauncey J. Lichty, appellant, v. Dan A. Beale, ap-
pellee.

Filed February 22, 1906.    No. 13,774.

1. **Homestead**: Executory Contract: Quieting Title.  An executory
contract for the sale of a homestead, made by either husband or
wife without joinder by the other, is void as to the whole home-
stead tract, without regard to value, and not only will specific
performance of it not be decreed, but a breach of it will not
afford a cause of action for damages.

2. **Appeal:** Variance.  Sections 138, 139 and 144 of the code, relative
to variances and amendments, are applicable to the trial *de novo*
in this court of suits in equity on appeal.

Appeal from the district court for Thayer county:
George W. Stubbs, Judge.  *Reversed on condition.*

*M. S. Gray, Charles H. Sloan* and *F. W. Sloan,* for ap-
pellant.

*F. I. Foss, C. L. Richards* and *W. F. Button, contra.*

Ames, C.

On and prior to the 9th day of October, 1902, and
continuously since that date, the plaintiff and appellant
was and has been the owner of a tract of 160 acres of land
in Thayer county in this state, and in the actual occupa-
tion and enjoyment of the same, together with his family,
as a homestead.  During all said time he has been and
now is the owner of two additional tracts, of 80 acres
each, adjacent to the homestead, and occupied and culti-
vated in common therewith.  On the day named he entered
into a written agreement with the defendant, appellee, by
which he undertook to convey these lands, subject to a
mortgage incumbrance of $5,000 upon the whole of them,
in consideration of a conveyance to him by the defendant
of certain lands and personal property situated in the
state of Colorado and the payment of a sum in cash.  His

wife did not join in the agreement, and the defendant at and before entering into it knew of the homestead character of the 160-acre tract.   Twelve days after the date of the agreement, the plaintiff having become dissatisfied with his bargain, sent to the defendant through the United States mail the following letter: "Yuma, Colorado, October 21, 1902.  D. A. Beale, Hastings, Neb.  Dear Sir: This is to notify you that the trade between us is off, as I do not expect to trade for something a man hasn't got, besides, you misrepresented a good many things, that I can prove by Mr. Brown, so you can go ahead with your ranch, as I do not want it.  Yours truly, C. J. Lichty."  Upon receipt of this letter the defendant caused the agreement to be spread upon the records of the clerk's office of Thayer county; and the plaintiff began this action, alleging that it had been obtained by deceit and fraud, and without adequate consideration, and praying a decree of cancelation and annulment, and removing the record of it as a cloud upon his title.   The defendant filed an answer and cross-petition, denying the alleged fraud and circumvention, and the right of the plaintiff to rescind, but electing to treat the letter above quoted as being a breach of the contract by the plaintiff, wrongfully putting an end thereto, and praying compensation in damages in an amount equal to the difference in value between the Colorado property, plus the money payment, and the lands that the plaintiff had agreed to convey to him.   Issues were joined by a reply or answer to the cross-petition, and there was a trial, at the conclusion of which the court found that by the agreement above mentioned the plaintiff had agreed to sell and convey to the defendant the Thayer county land for the sum of $16,000, and to receive in payment of the purchase price the Colorado property and $2,100 in money, and that the plaintiff had been guilty of a breach of the contract, excusing the defendant from performance and entitling him to a recovery of damages which the court assessed at the sum of $4,500, and rendered judgment therefor.  The plaintiff appeals.

There was a sharp contest at the trial, as there is in the briefs and arguments of counsel, as to the value of all the Colorado land, and as to the title to three quarter sections of it, and as to whether the agreement to convey the latter, which were entered and settled upon as government homesteads by third persons, is not contrary to public policy and void. But, for reasons below given, we think it not necessary to enter upon a discussion of any of these questions.

The price fixed in the contract upon the Thayer county land is not disputed by any one to be adequate to its value, and it has repeatedly been held by this court, so that the doctrine must now be regarded as settled, that a contract for the sale of a homestead, entered into by one spouse alone, is utterly void, not only to the extent that it cannot be specifically enforced, but that a breach of it does not furnish a foundation for an action for damages. *Clarke v. Koenig*, 36 Neb. 572; *Meek v. Lange*, 65 Neb. 783; *Teske v. Dittberner*, 70 Neb. 544. In the last of these cases there is a very elaborate and exhaustive review of the authorities and of the principles involved, by the former Chief Justice HOLCOMB, and the doctrine is emphatically reaffirmed that such a contract is void as to the whole homestead tract, as well as to the reversionary interest, and this in both instances, without regard to value, as was first also announced in the first of the above cited cases. That this conclusion is sound and essential to the protection and preservation of the homestead right and is in accordance with the manifest spirit, if not the strict letter, of the statute, we have not the least doubt, so that we are constrained to hold that the contract in suit, in so far as it treats of the homestead tract of the plaintiff, is wholly void.

The value of the plaintiff's homestead, separate from that of the other half of his farm, is not disclosed either by the agreement of the parties or by the evidence, but as the dwelling house and other buildings are situated thereon, it may, we think, be fairly assumed to be worth at least half the stipulated purchase price, so that, if the plaintiff had performed his contract to the full extent of

its validity, the value of the lands that he would have conveyed to the defendant would not have exceeded $8,000. If, as the trial court in effect found, the Colorado property and the stipulated cash payment are together worth $4,500 less than the contract price of the Thayer county lands, then the value of both is $11,500, or $3,500 more than the defendant could have obtained by specific performance, and he is entitled to compensation in money only for such damages as he has lost by reason of the failure of the plaintiff specifically to perform his contract to the extent that it was obligatory upon him, that is, with reference to the two 80-acre tracts not embraced in the homestead. This, which is the real issue presented by the pleadings, has, however, not been tried and the computation just made rests upon a presumption not supported by the record, and we are of opinion that, under the circumstances, the defendant should be permitted, if he so desires, to have the cause remanded for a new trial; or, if he does not, that the judgment of the district court should be reversed, and judgment in this court should be rendered for the plaintiff, but that, inasmuch as the latter is guilty of a technical breach of the contract, he should be adjudged to pay the costs.

It has been urged that the plaintiff cannot be granted the relief he prays because the petition, although alleging the homestead character of a part of the Thayer county land at the time it was filed, does not aver that it possessed that character at the time the contract was made. But the pleading was not assailed by motion or demurrer, and the facts as above narrated were proved without dispute or objection. The defendant does not appear to have been misled to his prejudice or, indeed, misled at all, so that sections 138, 139 and 144 of the code are precisely applicable. The trial here is *de novo,* and we think this court may properly disregard the variance, but, if the cause should be remanded, the plaintiff should have leave to amend.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed, and that upon motion by the defendant, filed within twenty days from this date, this cause be remanded to the district court for further proceedings conformable to said opinion, the plaintiff having leave to amend his petition, but that, in the absence of such motion within the time aforesaid, judgment for the plaintiff in conformity with the prayer of the petition be rendered in this court and the plaintiff be adjudged to pay the costs of the action.

JUDGMENT ACCORDINGLY.