WHEELOCK & WHEELOCK, Appellants, v. GEORGE C. COUNTRYMAN, Appellee.

**Specific performance:** CONVEYANCE OF HOMESTEAD: CONSENT OF WIFE. DAMAGES. Specific performance of a contract to convey the homestead made by the husband alone will not be decreed, and an action for damages for a breach of the agreement can not be maintained; and it is immaterial that the intention of the parties was to effect an exchange of properties.

*Appeal from Plymouth District Court.—* HON. J. L. KENNEDY, Judge.

WEDNESDAY, FEBRUARY 13, 1907.

ACTION in equity for specific performance of a contract to convey real estate, or, in the alternative, a judgment for damages. On trial the plaintiff's petition was dismissed with costs, and they appeal.— *Affirmed.*

*Martin & Martin,* for appellants.

*P. A. Boland,* for appellee.

BISHOP, J.— In October, 1904, the plaintiff firm and the defendant entered into a contract in writing, whereby plaintiffs agreed to sell and convey to defendant a tract of land, consisting of three hundred and twenty acres, more or less, situated in Ransom county, N. D. The defendant, in consideration thereof, agreed to pay as and for the purchase price of said land the sum of $7,000, as follows: $500 to be paid by one Babcock, which plaintiffs agreed to accept; $3,500 by the conveyance to plaintiffs of certain real estate situated in the city of Le Mars, this State, which real estate is described, and such conveyance to be by warranty deed with the usual covenants; $3,000 by assuming a mortgage of that amount resting on the North Dakota land. It appears that the contract was made and executed at the office of the plaintiff firm in Fargo, N. D. As explaining the provision in the contract for the payment to be made by Babcock, it appears from the further evidence in the case that plaintiffs employed said Babcock to take defendant out to show him the land; that, on the way back to Fargo, Babcock offered, in case defendant purchased the land, to rent the same for a year and pay therefor the sum of $500. At the time the contract was made, a lease was executed by defendant in the name of his wife, Carrie Countryman, to Babcock, and thereupon Babcock agreed to pay plaintiffs said sum of $500. After making the contract, defendant returned to his home in Le Mars, and thereafter notified plaintiffs that his wife refused to join in the deed of the Le Mars property, and, accordingly, that he was unable to go ahead and carry out the contract. Plaintiffs thereafter tendered to defendant a deed of the Dakota land, and demanded performance on his part, which was refused. The petition sets out the foregoing facts, and alleges the fair market value of the Le Mars property to be the sum of $3,500. The answer admits the making of the contract; alleges that at the time of the making

thereof the Le Mars property was and still is the homestead of defendant and family, and occupied by them as such, and that such fact was at all times well known to plaintiffs. It is then pleaded that the wife of defendant did not join in the making of said contract, and that she refuses to join therein or to sign a deed to said homestead premises.

That the Le Mars property was the homestead of defendant and his family is not disputed in the evidence. Under the clear rule of the statute the contract agreement to convey such homestead, as it was signed only by the defendant, was of no validity. Code, section 2974. And it is well settled, not only that an action as for specific performance of such a contract will not lie, but that no action as for damages for a breach thereof can be maintained. *Garlock v. Baker,* 46 Iowa, 334; *Barnett v. Mendenhall,* 42 Iowa, 296; *Mann v. Corrington,* 93 Iowa, 108.

Counsel for appellants have not overlooked the statute, and the cases decided thereunder, as above cited. To avoid the effect thereof, they argue that the contract cannot be construed as one for the sale and conveyance of a homestead; that it was no more than a contract for the sale on the part of plaintiff of the Dakota land at the agreed price of $7,000, and that by the provision as to payment defendant was simply given the option or privilege of paying $3,500 of the purchase price by making conveyance of the Le Mars property. The argument is ingenious, but it is not sound. Not only is such argument refuted by the express language of the contract, but all the facts and circumstances connected with the making thereof, as shown by the evidence, make it clear that the understanding and intention of the parties was to effect an exchange of properties; the plaintiffs to convey their equity in the Dakota land in consideration of a conveyance by defendant of the Le Mars property, with an added payment of the sum of $500 representing the difference in values. Defendant has made the money payment — at least it is so alleged by plaintiffs — and his default consists in his

failure to carry out his agreement to convey his homestead property. That agreement was void, as we have seen, and plaintiffs can neither enforce it specifically nor recover its value as damages. Moreover, if that were material plaintiffs have parted with nothing; they still have their property, and there is no showing that it is of any less value than when the contract was made. As giving further support to our conclusion that the present action is not maintainable, see *Donner v. Redenbaugh,* 61 Iowa, 273; *Jewell v. Norris,* 94 Iowa, 241. The cases of *Pryne v. Pryne,* 116 Iowa, 82, and *Townsend v. Blanchard,* 117 Iowa, 36, cited and relied upon by counsel for appellant, are not in point. Under the law as it stood prior to the adoption of the present Code, a contract by one spouse to convey lands which include the homestead was void as to the entire contract. Barnett v. Mendenhall, *supra; Goodrich v. Brown,* 63 Iowa, 247. Under the present Code, such contracts may be enforced as to the real estate other than the homestead, at the option of the purchaser. Code, section 2974. The cases cited by counsel go no farther than to give force and application to the present state of the law. It must be manifest that they cannot be made applicable in a case where, as here, the contract to convey was confined wholly to property impressed with the homestead character.

We need not discuss the effect of the lease to Babcock executed in the name of Mrs. Countryman. It does not appear that defendant had any authority to enter into any such contract. So, also, it is extremely doubtful under the evidence whether Babcock ever took possession under such lease. Be that as it may, if he paid to plaintiffs $500, as they allege, he is not here asserting any right or complaining of any wrong. And plaintiffs do not rely upon the fact of the lease otherwise than as a circumstance attending the making of the contract on which they sue.

Being satisfied with the correctness of the conclusion reached by the court below, its judgment is *affirmed.*