C. S. LAMB and F. S. LAMB v. JOHN COOPER, Appellant.

**Contract to convey homestead and other lands:** JOINDER OF HUSBAND AND WIFE: BREACH: DEFENSES. A contract for the conveyance of a homestead, which is not executed by the wife jointly with her husband, can not be enforced; and where the same includes other lands with the homestead the statute makes it optional with the purchaser whether he will enforce the contract as to that portion of the land not included within the homestead; so that where the purchaser brings action to recover damages for refusal to convey the entire property, making no reference whatever to the homestead character of a portion of the land, an answer thereto alleging that the land embraced in the contract was homestead property and the wife had not joined therein was a complete defense to the entire contract and precluded any recovery, although it might be otherwise if the action were for specific performance.

*Appeal from Tama District Court.*—HON. C. B. BRADSHAW, Judge.

WEDNESDAY, JANUARY 11, 1911.

ACTION to recover damages for breach of contract to convey land. The defendant pleaded that a portion of

the land agreed to be conveyed constituted his homestead and that his wife had not joined in the contract. A demurrer to this answer was sustained. Defendant elected to stand on his answer and judgment was rendered against him, from which he appeals.—*Reversed.*

*Struble & Stiger,* for appellant.

*C. E. Walters,* for appellees.

McCLAIN, J.—Although the contract to convey was oral, a portion of the purchase price was paid, and the contract therefore became as binding upon defendant as if in writing. But a portion of the two hundred and forty-acre tract of land agreed to be conveyed constituted defendant's homestead and defendant's wife was not a party to the contract. These facts were pleaded by defendants as a complete defense; but on demurrer to defendant's answer the court held that they did not constitute such complete defense, and the question presented is, whether the court erred in this ruling.

The provision of the Code relied upon by the defendant is as follows:

Sec. 2974. No conveyance or incumbrance of or contract to convey or incumber the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument, whether the homestead is exclusively the subject of the contract or not, but such contracts may be enforced as to real estate other than the homestead at the option of the purchaser or incumbrancer.

Under the corresponding provision of the Code of 1873 (section 1990), which simply declared of no validity a conveyance or an incumbrance of the homestead by the owner, unless the husband and wife, if the owner was married, concurred in and signed the same joint instru-

ment, it was held that, although there was no specific reference to a contract to convey, such contract was also invalid, unless the wife of the owner joined therein, and that the other party could not have relief for refusal of the owner to make conveyance, either by way of specific performance or by recovery of damages. *Barnett v. Mendenhall,* 42 Iowa, 296; *Clark v. Evarts,* 46 Iowa, 248; *Cowgell v. Warrington,* 66 Iowa, 666; *Donner v. Redenbaugh,* 61 Iowa, 269; *Ormsby v. Graham,* 123 Iowa, 202. In this respect the section was changed in language in the present Code, so as to cover in terms the point which had thus been decided under the section as it formerly stood. But the addition of the provision that such a contract may be enforced as to the portion of the land not embraced within the homestead, at the option of the purchaser, was no doubt intended to work a change in the law as it had previously stood.

It is to be noticed, however, that, even under this new provision, it is left optional with the purchaser whether he shall enforce the contract as to the portion of the property not included within the homestead. If the contract specifies a separate price per acre for the portion of the property not included within the homestead, and the boundaries of the homestead can be ascertained, then, no doubt, the purchaser may recover by way of damages the difference between the contract price and the real value. But as he is not bound in any way to carry out the contract on his part, unless he exercises the option to do so, it is clearly essential that before he can recover damages, it must appear that his option to accept less than the entire land covered by the contract has been asserted.

In the present case, plaintiffs, without referring in any way to the homestead character of a portion of the land, asked damages against defendant for refusal to convey it under the contract, alleging that they had requested the defendant to complete and perform the contract and

execute a written instrument in pursuance thereof, and that defendant had refused such performance, and they alleged damages in the sum of $2,500. Defendant pleaded by way of answer that the land described embraced the homestead of defendant, a married man residing thereon, and that his wife did not join in the execution of such contract, and he further alleged in the nature of a legal conclusion that any contract to convey said homestead, or any lands of which it formed a part, in which his wife did not join, was void and could not "be enforced against said homestead or damages obtained thereon," and he asked that plaintiffs' cause of action be abated and their petition dismissed.

This answer stated facts rendering the contract invalid and unenforceable as a whole. Under the state of facts alleged, plaintiffs could not have specific performance or damages for breach of the contract to convey the land described. Demand of performance from the defendant and refusal on his part to comply with the contract would not give rise to any right of action. Under this condition of the pleadings, plaintiffs were alleging a valid contract to convey and defendant was denying that any such valid contract was ever made. The determination of these issues would involve a finding on a question of fact whether or not any portion of the premises constituted the homestead of defendant, for his allegation as to that fact in his answer would be deemed denied by operation of law. The plaintiffs had expressed no desire or intention of enforcing the contract otherwise than as it was made with reference to the entire tract of land described.

We think it was incumbent upon plaintiffs, if they wished to recover damages for refusal to convey to them the portion of the land not included within the homestead, to demand such conveyance by way of exercising their option to accept a partial performance of the contract. At any rate, it was clearly necessary for them to indicate

in their petition that they were insisting upon breach of the contract in failure to make such partial conveyance as a basis for damages. We think it was not enough that in their demurer they urged the insufficiency of the answer on the ground that they were entitled to a conveyance of the land not included within the homestead. They had not asked relief on that theory; nor had they indicated any election to accept such conveyance or claim damages for failure to make it. Until their election was thus indicated, no right of action was made to appear, save the right of action which they would have for breach of the entire contract on the theory that it was as a whole valid and enforceable.

The answer of defendant did not interpose a partial defense, but in it the defendant set up facts constituting a complete defense to its enforcement as an entire contract, and as plaintiffs asked no other relief than such as could be given on the theory that the contract was valid, the defense set up was a complete defense to such action. *Ormsby v. Graham,* 123 Iowa, 202.

If plaintiffs had sued for specific performance, a court of equity could have molded the relief to the facts appearing in evidence and could have enforced the contract in part, abating the consideration to be paid to a proportionate amount. *Townsend v. Blanchard,* 117 Iowa, 36. But plaintiffs elected to sue at law for damages and must be held to a recovery of damages on the basis on which they have predicated their action. How can it be determined that plaintiffs have suffered any damages by the fault of defendant, when they have never demanded conveyance of the portion of the land not included within the homestead and have never indicated a willingness to accept any such conveyance? How can it be found that defendant was in default, until it has been ascertained that plaintiffs were willing to pay at least some proportionate amount of the agreed purchase price? Plaintiffs allege the

contract to have been that they should pay a total agreed price for the land of $32,400, and of this amount $1,000 has been paid.

The difficulty in determining what the measure of damages shall be in such a case is illustrated by decisions in other states. See, for instance, *Richards v. Chace,* 2 Gray (Mass.) 383; *Phillips v. Stauch,* 20 Mich. 369; *Hall v. Loomis,* 63 Mich. 709 (30 N. W. 374). We have not heretofore had occasion to consider a case in which damages were claimed for refusal to convey the portion of the premises not included within the homestead, where the contract was not joined in by the wife. It is sufficient now to say that plaintiffs have not brought such a case to this court. They have asked for damages for breach of a contract to convey a specified tract of land which, as their demurrer admits, includes defendant's homestead; but they have not asked nor sought to recover the damages appropriate to an action in which reliance is had upon failure of the defendant to convey at plaintiffs' election the portion of land not included within the homestead. Defendant's answer constituted, if the facts alleged therein were true, a complete defense to the action which plaintiffs brought, and plaintiffs' demurrer thereto should have been overruled.

The judgment of the trial court is therefore *reversed.*