H. R. MOSNAT, Appellant, v. H. C. BERKHEIMER and MRS. H. C. BERKHEIMER, Appellees.

**Agency contract:** REVOCATION. Although an agency contract for the sale of land on commission provided that it should expire at a certain date, it was subject to revocation by the principal at any time prior thereto.

**Specific performance:** HOMESTEAD. A contract for the purchase of land including the wife's homestead may be enforced as to the non-homestead land over the objection of both husband and wife; the wife being adequately protected.

**Agency contracts:** REVOCATION: NOTICE: EVIDENCE. To be effective notice of the revocation of an agency contract for the sale of land must be given to the agent and those who, from a knowledge of his authority or previous dealings with him, would be likely to continue to deal with him relying on his authority. In this action the evidence is held to justify a finding of such notice to a purchaser as would put a prudent man on inquiry as to the agent's authority.

*Appeal from Benton District Court.*—HON. C. B. BRADSHAW,
Judge.

TUESDAY, JANUARY 14, 1913.

ACTION for the specific performance of an alleged agreement on the part of defendants to convey certain real estate. Plaintiff claims to have entered into a contract for the purchase of the land through one Hall, who, he asserts was defendants' agent for the sale of the land. Defendants denied the agency of Hall, alleged that, while he was at one time an agent for the sale of the land, his agency was revoked shortly after its creation; that it was agreed between them that the contract of agency should be revocable at any time, although this provision was omitted from the contract; that after the revocation of the agency they attempted to sell the land to plaintiff at an advanced price, and, without knowledge that Hall was dealing with plaintiff, they in effect notified him (plaintiff) that the land was not for sale at the price at which it had originally been listed with Hall; and that, plaintiff having knowledge of that fact and without further inquiry as to Hall's authority and for the purpose of defrauding these defendants, he (plaintiff) undertook to buy the property from Hall at a reduced price. They further pleaded that a part of the property was their homestead, and that, as the wife did not join in the contract, the same was void and of no effect. They asked that the contract of sale be declared void and the agency contract reformed to correspond with the real agreement of the parties. Plaintiff denied any mistake in the agency contract, and, admitting the invalidity of the contract in so far as it involved the homestead, asked that the homestead be platted and set aside and the contract enforced as to the lands not homestead in character. Upon the issues thus tendered, the case went to trial before the court resulting in a decree dismissing plaintiff's petition, and also defendants'

cross-petition, and rendering judgment against plaintiff for costs. Plaintiff appeals.—*Affirmed.*

*Tom. H. & R. S. Milner* and *H. R. Mosnat,* for appellant.

*C. W. E. Snyder,* for appellees.

Deemer, J.—Neither of the parties seem to have got their real bearings until they filed their respective reply arguments. The issues sufficiently appear in the preliminary statement of the case, and it will be noticed that neither pleads a waiver, estoppel, or ratification; nor does plaintiff plead a want of notice of the revocation of the agent's authority. While motions and demurrers were filed, none of them raise any of the doubtful points in the case. Defendants now admit the insufficiency of the testimony to justify a reformation of the agency contract, and they do not question the nature of the original contract of agency. We must assume, then, that defendant H. C. Berkheimer did make one Hall, or the "Hall Real Estate Agency," his agent or broker to sell what was known as his home farm, consisting of 203 acres, and including the homestead of himself and wife for the sum of $75 per acre. Whether the agent was Hall or the Hall Real Estate Agency, one Hickey was a partner with Hall in the transaction. The contract of agency was in writing and was entered into on the 15th day of March, 1910. So far as material, it reads as follows:

Number of Acres—203 more or less.
Nearest R. R. Town...............Distance...............
Distance to Church..............To School..............
P. O....................Distance....................
   I, the undersigned, authorize L. N. Hall, to offer for sale the above described property at a valuation of $75.00 per acre . . . and if any sale is made by him with my approval, or if made with any person he has introduced, then I agree to pay him $1.00 per acre as commission with cash,

or approved note as soon as deal is closed to this deal. In case of failure of making payment, and suit is commenced, I agree to pay all expenses of collections, including a reasonable amount as attorney's fees. All advertising to be done free of expense to me, but I agree to give notice at once should I dispose of the property by other means. *This contract expires Jan. 1st, 1911.* Any changes in terms by me, forfeits no commission due agent.

H. C. Berkheimer.

Notwithstanding it was to continue by its terms until January 1, 1911, it was subject to revocation at any time after it was made, for the only interest the agent or agents had in it was their compensation, and this did not

1. AGENCY CONTRACT: revocation.

create such an interest as to make it irrevocable. Mechem on Agency, sections 204, 205, 207, 208, and cases cited; Huffcut on Agency, sections 64, 65, 67; *Barr v. Schroeder*, 32 Cal. 609; *Hunt v. Rousmanier*, 8 Wheat. 175, (5 L. Ed. 589). So that defendants did not need a reformation of the contract in order to be vested with authority of revocation. Of course, if they were being sued by their agents for damages, such reformation might be essential; but not so here.

Defendant H. C. Berkheimer claims that the agency was revoked both by oral notice and by letter within a month of the time it was created, and the trial court so found. This is a question of fact pure and simple, and we are inclined to agree with the trial court in its finding that the agency was so revoked. There is a conflict in the testimony upon this issue; but defendants seem to have a fair preponderance of the testimony upon this proposition. Had it not been revoked at that time, there is enough in the case to show that plaintiff had such knowledge of its revocation at a subsequent time as to put him upon inquiry, and the nature of his dealings with Hall, after hearing from defendant Berkheimer himself as to his price and terms, were such as to indicate want of good faith.

We may say parenthetically that, if the only defense were the homestead character of the property, plaintiff would be entitled to enforce his contract as to the non-homestead land; adequate protection being afforded the wife, against the objection of both husband and wife.    Upon this point we agree with counsel for appellant.  *Townsend v. Blanchard,* 117 Iowa, 36; *Lamb v. Cooper,* 150 Iowa, 18.  But the case does not turn upon this proposition.  Having found that the agency was revoked, every issue made by the pleading or argued in the original brief is disposed of.  But in a reply brief appellant advances the only doubtful propositions in the case.  These are: First, was notice to plaintiff of such revocation necessary?  And, second, if necessary, was it given?

2. Specific performance: homestead.

In Mechem on Agency it is said: "In order to render the revocation effectual, notice of it must be given to those parties whom the revocation is desired to affect, and these parties are the agent himself and those persons, who, from knowledge of his authority or from previous dealings with him as such, would be likely to continue the deal with him in good faith upon the strength of the previous authority."  'Huffcut states the rule as follows: "A revocation is effectual and binding only as against those who have notice that it has been made.  Consequently in order to protect himself, the principal must communicate to the revocation not only to the agent, but to all persons who, upon the strength of his previous authority, are likely to deal with him.  In case the authority is only for the performance of a special act, however, third persons cannot presume that the agency will continue after the performance of that act, and therefore no notice of revocation need be communicated to them.  .  .  .  The method by which the revocation should be communicated varies with each particular case, but the notice must always be sufficient to make the knowledge of the revocation coextensive with the knowledge of that authority.  Thus, to persons who have never

3. Agency contracts: revocation: notice: evidence.

dealt with the agent, a general notice through the medium of the public press is sufficient, whether it is seen or not. But to persons who have transacted business with the agent, actual notice must be given, or at least such knowledge of the revocation must be communicated to them as would serve to place a prudent man upon inquiry.''

Applying these rules to the case at bar, we have, first, the fact that plaintiff does not, by any pleading, assert want of notice; second, the testimony of any such dealings between him and Hall or the ''agency'' with reference to the lands, before the revocation of the agency, is not satisfactory, and it quite clearly appears that defendants had no knowledge at any time prior to their personal dealings with plaintiff, which was long after the revocation of the agency, that he was dealing with Hall or the ''agency''; and, third, while plaintiff was undoubtedly dealing with Hall before the sale is claimed to have been consummated, he at the same time was dealing with defendant H. C. Berkheimer, and, when he learned that he (Berkheimer) had advanced the cash price of the land to more than $85 per acre, he hurriedly found Hall, said he would take the land at $75, paid $50 to bind the bargain, and thereafter expressed a willingness to increase it to $2,000 and to pay the balance of the purchase price in cash when the papers were made out. Hall immediately notified Berkheimer of the transaction and Berkheimer at once repudiated it.

It seems to us that the trial court was justified in finding such notice of revocation to plaintiff as would put a prudent man upon inquiry as to Hall's authority to sell for $75 when the principal Berkheimer was then insisting upon a larger price. Actual fraud need not be shown, but the same facts which would indicate fraud point irresistibly to the fact of notice, or, to what is the same thing, facts which would put a prudent person on inquiry.

While we have gone outside the issues and proper points made in argument, we reach the conclusion that the court did not err in its decree, and it is therefore *Affirmed*.