W. H. LAUBSCHER, Appellee, v. WILLIAM MIXELL, Appellant.

BROKERS: Finding Purchaser—Earning Commission—Sale of Homestead—Failure to Produce Spouse. To be entitled to a commission where no sale or trade is actually made, a broker employed to find a purchaser or one who will trade must do one of two things, to wit, (a) *produce to his principal* a customer who is able, ready and willing to buy or trade on the terms fixed by the principal, or (b) take from the customer a binding contract of purchase or trade. The broker produced a husband owning and occupying a homestead, but not the wife. *Held,* commission not earned. (Sec. 2974, Code, 1897.)

PRINCIPLE APPLIED: A broker was employed by his principal to consummate a trade of the principal's farm for a certain 20 acres then occupied by a husband and wife as a homestead. After negotiations, the broker brought the husband (who owned the 20 acres) to his principal, and the husband then accepted the terms demanded by the principal, and offered to enter into a contract. The principal declined. The wife of the homestead owner was not *produced.* She had told the broker and her husband, but no one else, that she was willing to make the trade, and had told her husband he could sign a contract for her. She never signed any contract, but would have signed any necessary to effect the trade on the said terms. *Held,* commission was not

earned. See Sec. 2974, Code, 1897, requiring conveyances of the homestead to be only by *joint* conveyance of husband and wife.

*Appeal from Cedar District Court.*—HON. F. O. ELLISON, Judge.

WEDNESDAY, JUNE 30, 1915.

ACTION to recover a commission alleged to have been earned in procuring an exchange of tracts of land resulted in a verdict and judgment as prayed. The defendant appeals.— *Reversed.*

*C. O. Boling, W. G. W. Geiger,* for appellee.

*J. C. France,* for appellant.

LADD, J.—Defendant owned a farm of 140 acres in Howard county, and the evidence was such that the jury might have found that he employed plaintiff to procure an exchange

1. BROKERS: finding purchaser: earning commission: sale of homestead: failure to produce spouse.

for a farm of 20 acres near Mt. Vernon, owned by John Fulwider. After some negotiations, the defendant, on Saturday, offered to exchange by accepting $14,000 for his land and allowing $11,000 for that of Fulwider. Fulwider was notified of this on Monday following, and signified his acceptance of the proposition on Wednesday, and offered to enter into a contract stipulating for the exchange of deeds and the payment of the difference on March 1st following. Thereupon, the defendant stated that he would not close the deal. The evidence disclosed that the 20 acres of land belonging to Fulwider was occupied by himself and wife as a homestead, that his wife was willing to make the exchange, had so informed plaintiff, and would have signed any contract presented for the purpose of effecting the exchange, but had signified her assent to the acceptance of defendant's offer to no one except her husband, whom she told he could sign a contract for her, but was never requested to sign a contract. She was not at Tipton at the time her

husband offered to enter into the contract. On the other hand, the defendant testified that he had informed plaintiff that unless the deal was made on Monday, it would be off, as he had to make an answer to indicate what he would do in the matter of an exchange with another party, and that a contract was never tendered to him. It will be observed that no written contract was entered into and none tendered which would be enforceable.

Sec. 2974 of the Code provides that:

"No conveyance or incumbrance of or contract to convey or incumber the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument, whether the homtsead is exclusively the subject of the contract or not, but such contracts may be enforced as to real estate other than the homestead at the option of the purchaser or incumbrancer."

This statute cannot be obviated by the oral assent of the wife. *Donner v. Redenbaugh,* 61 Iowa 269; *Stinson v. Richardson,* 44 Iowa 373. It is well settled that a contract made by the husband for the disposition of the homestead where the wife does not join, cannot be specifically enforced. *Wheelock v. Countryman,* 133 Iowa 289; *Hostetler v. Eddy,* 128 Iowa 401. The principle is well settled that where an agent undertakes to find a purchaser or one who will exchange properties, it is incumbent upon him to furnish a person ready, able and willing to buy or exchange on the terms fixed. To accomplish this, where the exchange or sale is not actually made and no written contract entered into, the vendor and proposed purchaser must be brought together so that the principal may secure a valid and enforceable contract if he wishes so to do. The proposition should be to the principal, to the end that the statute of frauds may be obviated by reducing the agreement to writing. *Beamer v. Stuber,* 164 Iowa 309; *Johnson v. Wright,* 124 Iowa 61. While the plaintiff procured Fulwider, who was ready and willing to

make the exchange, he was unable to enter into a valid contract so to do, for that his wife's signature to such contract was essential to its validity and she was not present, nor did he tender such a contract. It is no answer to say that he was entitled to a reasonable time, for there is no showing that he has since tendered such a contract as contemplated. It is suggested that the defendant based his refusal to carry out the deal on another ground, i. e., that he had withdrawn his proposition. If this were true, no such issue was presented to the jury, and the instructions, in so far as not excepted to, must be treated as embodying the law of the case. Because of not having found a purchaser able to enter into an enforceable contract, the judgment is *Reversed*.

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.