## SAMUEL H. HORSETH AND ANOTHER v. THEODOR FUGLESTEEN.[1]

October 30, 1925.

No. 24,834.

**Specific performance of husband's contract to convey quarter section containing homestead denied.**

The plaintiffs, husband and wife, owned a quarter section of land. One 80 was exempt as a homestead. The plaintiff husband contracted to sell the quarter to the defendant. The plaintiff wife did not join. The defendant knew that the plaintiffs were husband and wife and that one 80 of the quarter was their homestead. The contract was void as to the homestead. The plaintiff wife would not join in the deed. *Held* that the contract was entire and not separable, and the defendant was not entitled to specific performance as to the unexempt 80, or damages for the plaintiff husband's failure to convey the 80 or the quarter.

See Homesteads, 29 C. J. pp. 922, § 329; 924, § 330.

See notes in 4 A. L. R. 1272; 16 A. L. R. 1036.

Action in the district court for Jackson county to set aside a contract for the sale of land. The case was tried before Dean, J., who ordered judgment in favor of plaintiffs. Defendant appealed from the judgment. Affirmed.

*E. H. Nicholas*, for appellant.

*O. J. Finstad*, for respondents.

DIBELL, J.

Action to cancel as a cloud on his title a contract of sale made by the plaintiff Samuel H. Horseth to the defendant Fuglesteen of a quarter section of land, one 80 of which was the homestead of Horseth and his wife, the plaintiff Lena Horseth. There was judgment for the plaintiffs and the defendant appeals.

[1] Reported in 205 N. W. 607.

The wife did not join in the contract of sale. It was void as to the homestead. G. S. 1923, § 8340. The defendant asked in his answer for specific performance of the contract for a conveyance of the whole quarter, and, if this was not granted, for a conveyance of the unexempt 80 on the basis of $6,400, which he alleged to be its value. At the trial he withdrew his claim for specific performance. He now complains that the contract was adjudged void, because the judgment so declaring is a bar to an action for damages. Whether so we do not determine; but the conclusion we reach determines the whole controversy.

The contract was made on May 19, 1919. The purchase price was $24,800. The sum of $500 was paid in cash; $4,500 was to be paid on March 1 following; $5,800 on March 1, 1928, secured by a first mortgage; and the balance of $14,000 on the same date, secured by a second mortgage. The plaintiff, Samuel H. Horseth, when his wife refused to sign the deed, offered to return the $500 to the defendant.

An executed deed or a mortgage of the homestead by the husband, the wife not joining, is valid as to the property aside from the homestead. See Coles v. Yorks, 31 Minn. 213, 17 N. W. 341; Dun. Dig. § 4211.

It was an early holding of this court that a contract to convey by a married man, his wife not joining, was enforceable with a deduction for damages if the husband was unable to furnish a deed with his wife's signature. Sanborn v. Nockin, 20 Minn. 163 (178). This is not the doctrine of all courts. Note 14 Ann. Cas. 652.

Such a holding would not control this case. The contract was void as to the homestead. Specific performance of it could not be had, as to the homestead, nor could damages be had for the failure of the defendant, who made the contract, to make good title to the homestead. This was directly held in Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817. It is the prevailing holding. Hodges v. Farnham, 49 Kan. 777, 31 Pac. 606; Wheelock v. Countryman, 133 Iowa, 289, 110 N. W. 598; Lichty v. Beale, 75 Neb. 770, 106 N. W. 1018; Teske v. Dittberner, 70 Neb. 544, 98 N. W. 57, 113 Am. St.

802; Mundy v. Shellaberger, 161 F. 503, 88 C. C. A. 445; note 4 A. L. R. 1273; 25 Cent. Dig. Homest. §§191-202; 10 Dec. Dig. Homest. § 117.

In Schwab v. Baremore, 95 Minn. 295, 104 N. W. 10, an action for damages by the vendee in a contract of sale against the vendor who had made a contract for a deed of a quarter section including the homestead, his wife refusing to join in the deed, it was held that there could not be a recovery of damages against the husband because of a particular provision in the contract which was thought to fix the remedy in the event of a failure of the vendor to perform; but the court assumed, as was the holding in the Weitzner case, that the fact that the contract was invalid as to the homestead did not make it invalid as to the part of the land not a homestead.

The trial court held that the contract involved in the case at bar was not separable. We are of that view. The defendant knew that the plaintiffs were husband and wife and that the farm included their homestead. There is evidence that he told the plaintiff that he need not have his wife along to sign the contract—that it was time enough when the deed was signed. Both knew that the contract so far as it covered the homestead was void. It was never the contemplation of the parties, could not have been, that in the event of the failure of the wife to sign there should be specific performance as to the unexempt 80, the court valuing it, or comparing its value with the quarter, finding what should be paid in cash, the amount of the deferred payments, and how they should be secured; nor was it contemplated that the vendee should have damages for the vendor's failure to obtain the signature of his wife, based on the value of the quarter, or of the 80.

We are not disposed to extend the suggestion of the Weitzner and Schwab cases, in a case like this, so as to permit the specific performance as to unexempt property of an executory contract covering such property and a homestead, or so as to permit damages for a failure to convey the unexempt property. In its application such a doctrine is fraught with grave difficulty and attended with possible great injustice. Neither party thought that the contract

by any possibility could result in a division of the farm. They regarded it as an entirety. The defendant never thought of buying nor the plaintiff of selling the unexempt 80 alone. The law should not work that result for them. We may note that there was no fraud on the part of plaintiff in inducing his wife not to join and so prevent an executed sale.

Judgment affirmed.