FRITZ E. STRUEMPLER, JR. AND BONNIE J. STRUEMPLER, APPELLANTS, v. JOSEPH E. PETERSON AND BEULAH E. PETERSON, APPELLEES.

277 N. W. 2d 691

Filed April 24, 1979. No. 42134.

Tedd C. Huston, for appellants.

Carlos E. Schaper, for appellees.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and CANIGLIA, District Judge.

CANIGLIA, District Judge.

The plaintiffs, Fritz and Bonnie Struempler, bring this action against the defendants, Joseph and Beulah Peterson, for damages for nonperformance of a real estate contract. The contract provides for an option to purchase 320 acres of defendants' land, 160 acres of which was the homestead of the defendants, and 160 acres which was not homestead property. The contract was not acknowledged by either of the defendants. The trial court sustained a demurrer to plaintiffs' amended petition and the plaintiffs have appealed. We affirm.

This case was previously before the court; Struempler v. Peterson, 190 Neb. 133, 206 N. W. 2d 629, dated April 20, 1973. In that case, plaintiffs sought specific performance of the contract involved in this action. In denying specific performance, this court held that a contract to sell land constituting a homestead is void when not executed and acknowledged by both

husband and wife as required by section 40-104, R. R. S. 1943.

The opinion further holds that where a contract for the purchase and sale of real estate includes both homestead and nonhomestead property, but is not executed and acknowledged as required by the section of the statute above, specific performance may be obtained of the nonhomestead land with an abatement of the total purchase price where the contract, under its provision, is clearly severable as to the homestead and the nonhomestead property. This is not the case in the contract involved in this litigation. This contract describes the land only as a full half section; it does not indicate any basis for allocation of the consideration to anything except the entire tract. Under these circumstances, therefore, the court will not make a new contract for the parties nor impose new conditions not contemplated by the parties.

The plaintiffs now bring an action for damages based on the defendants' refusal to convey the land, which is the subject of the contract. The defendants demurred first to the petition and then to an amended petition, and the trial court sustained the demurrer. Plaintiffs refused to plead further and this appeal followed. The sole issue in this appeal is: Did the trial court err in sustaining the demurrer to plaintiffs' amended petition? An examination of the plaintiffs' petition discloses the plaintiffs' claim for damages is based on two causes of action. The first involved the nonhomestead land. Although specific items in the claim for damages could possibly be included as a basis for an unjust enrichment claim, the petition does not make any such allegation or claim. Under these circumstances, therefore, we hold that the decision of the trial court in sustaining the demurrer was proper and correct.

Counsel for plaintiffs has submitted the case of Solt v. Anderson, 63 Neb. 734, 89 N. W. 306, as

authority for his contention that, even though a contract for the sale of a homestead is not acknowledged and therefore not subject to an action for specific performance, yet it may nevertheless entitle the vendee to recover damages for failure to fulfill the contract. We do not agree that the Solt case is authority for such a proposition. On page 738 of the Solt case, the opinion reads: "It would seem that while the contract was not enforceable specifically, it was not void. There is no public policy against the free disposition of the homestead. Probably some amendment of pleadings will be necessary, but otherwise we do not see why the action may not proceed as one for damages. Possibly it may be claimed that the decisions of this court, under the statute above cited, made the contract in question absolutely void. In that case it would not support an action for damages. That question, however, is not before us and is not decided. We are entitled to have the assistance of counsel in solving it. If we were not apparently compelled to hold otherwise in this very case, we would say we were entitled to the help of the trial court."

The contract in the case before the court is not severable as to the homestead and nonhomestead property and is therefore unenforceable. As such it can not be the basis for an action in damages and the trial court was correct in sustaining the defendants' demurrer. See, also, Horseth v. Fuglesteen, 165 Minn. 38, 205 N. W. 607; Lamb v. Cooper, 150 Iowa 18, 129 N. W. 323; 40 C. J. S., Homesteads, § 151, p. 616.

AFFIRMED.