EDWARD H. DESPAIN *et al.*

*v.*

J. A. WAGNER *et al.*

*Filed at Mt. Vernon November 11, 1896.*

1. ESTOPPEL—*one claiming under a deed cannot deny its recitals.* Neither the immediate grantee in a deed nor his remote grantees can deny any fact admitted to exist by the recitals in such deed.

2. DEEDS—*between husband and wife are not invalid.* A deed is not invalid merely because it is made directly from the wife to the husband, or *vice versa,* as such deed vests all the title capable of being transferred by the instrument.

3. HOMESTEAD—*when deed between husband and wife conveying homestead does not pass title.* Where the homestead property is worth less than the homestead exemption, a deed to such property made directly from the wife to the husband, or *vice versa,* passes no title.

4. SAME—*excess above exemption passes on direct deed between husband and wife.* Where the homestead is worth more than the exemption value, a deed made directly from the wife to the husband, or *vice versa,* vests in the grantee title to the excess over such amount, but is a nullity as to the exemption interest.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

GORDON & ALLISON, and GEORGE NEVILLE, for plaintiffs in error.

WILLIAM M. SCHUWERK, for defendants in error.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill, filed by plaintiffs in error, as heirs-at-law of one Margaret Roberts, deceased, to set aside a deed executed by said Margaret to Wiley Roberts, as her husband, on June 3, 1891, mainly upon the ground that the execution of said deed was procured by coercion. The proof did not sustain the charge of coercion, and plaintiffs in error here admit that the testimony is not sufficient to justify the setting aside of the deed upon that ground. The bill also alleged, that the deed was inoperative and failed to pass title to the premises described in it for the reasons hereinafter stated. The circuit court dismissed the bill, and the present writ of error is sued out for the purpose of reviewing such decree of dismissal.

The premises described in the deed were owned in fee by Margaret Roberts on June 3, 1891, when she executed the deed, and were at that time occupied by herself and Wiley Roberts as their homestead. The deed, it will be observed, was executed by the wife to the husband directly, and without the intervention of a third person. Afterwards on November 13, 1891, Margaret Roberts died intestate so far as the land in question was concerned, but left a will conveying her personal property to Wiley Roberts, who was appointed executor under said will. She and Wiley Roberts occupied said premises at the time of her death, and had resided on the same as their homestead for more than twenty years prior to that time. Wiley Roberts died testate on August 26, 1893, and, by

his will, devised the land in controversy to the defendants in error, the trustees of schools, for school purposes, and appointed the defendant in error, J. A. Wagner executor of his will. Margaret and Wiley Roberts left no children, and the premises are shown to have been worth about $3000.00, or, at any rate, more than $1000.00.

It is contended by plaintiffs in error, and alleged in their bill in the court below, that the deed was invalid, because, being a deed of homestead premises executed by a wife, it was not signed and acknowledged by her husband as required by the statute.

It is contended by defendants in error, and alleged in their answer in the court below, that the deed was valid as conveying the fee subject to the homestead estate; and it is further alleged, that Margaret Roberts was not the wife of Wiley Roberts.

*First*—Without going into the evidence to determine whether there was a common law marriage between the parties to the deed, as such a marriage is defined in the decisions of this court, (*Port* v. *Port*, 70 Ill. 484; *Stoltz* v. *Doering*, 112 id. 234; *Hiler* v. *People*, 156 id. 511), it is sufficient to say, that defendants in error are estopped from denying that Wiley Roberts was the husband of Margaret Roberts, because the deed executed by her to him describes him as her husband, and defendants in error claim title under Wiley Roberts, the grantee in that deed., We have recognized the doctrine of estoppel by the recitals in a deed, and that a party claiming under a deed cannot be permitted to deny any fact admitted to exist by the recitals therein. (*Orthwein* v. *Thomas*, 127 Ill. 554; *Cobb* v. *Oldfield*, 151 id. 540). In *Orthwein* v. *Thomas, supra*, it was held that neither the immediate grantee in a deed, nor his remote grantees, could be heard to deny the recital in the deed, that a certain man and woman were husband and wife.

*Second*—A deed is not invalid merely because it is made directly by the wife to the husband. Under the stat-

utes of this State, a conveyance by a husband directly to his wife, or by a wife directly to her husband, is valid so as to vest all the title capable of being transferred by the instrument of conveyance. (*Barrows* v. *Barrows*, 138 Ill. 649, and cases cited).

*Third*—The estate of homestead, which is entitled to exemption under the statutes of this State, is limited to $1000.00 in value. When its value is $1000.00 or less, it comprises the entire title and interest of the householder; and no conveyance of it is valid, unless it is "in writing, subscribed by said householder and his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged, or possession is abandoned or given pursuant to the conveyance." (1 Starr & Cur. Stat. p. 1103). This statutory requirement as to the conveyance of the homestead has been held to apply to deeds made by householders to their wives; and it has accordingly been decided, that a conveyance of the homestead, not exceeding $1000.00 in value, by a householder to his wife, she not joining therein and acknowledging the same, is inoperative to pass the title to the homestead estate. (*Kitterlin* v. *Milwaukee Mechanic's Ins. Co.* 134 Ill. 647). But when the value of the property, to which the estate attaches, is more than $1000.00, the excess is unaffected by the estate; and "the conveyance passes the title subject to the estate of homestead, or rather, it passes the excess over the amount of the homestead right." (*Barrows* v. *Barrows*, *supra; Kitterlin* v. *Milwaukee Mechanic's Ins. Co. supra*).

Here, as the value of the homestead premises exceeded $1000.00, the conveyance by Mrs. Roberts to her husband was valid so as to pass the title to the excess over $1000.00. It cannot be said, therefore, that the deed in question was totally inoperative to pass any title by reason of the non-joinder of the husband in its execution, as is alleged in the bill.

In the recent case of *Anderson* v. *Smith*, 159 Ill. 93, we have said (p. 96): "It must be accepted as the settled law of this State that a deed to a homestead by the householder, even to his or her wife or husband, not subscribed and acknowledged by such wife or husband, (possession not being abandoned or given pursuant to the conveyance), is a nullity. (*Kitterlin* v. *Milwaukee Mechanic's Ins. Co.* 134 Ill. 647; *Barrows* v. *Barrows*, 138 id. 649; *Hagerty* v. *Hagerty*, 149 id. 655). Under these decisions, if the homestead attempted to be conveyed is worth not more than $1000.00, no title whatever passes, but if the lands conveyed exceed in value that amount, then it passes only the excess over the homestead right." Therefore, the deed of Mrs. Roberts to her husband, though valid so far as it conveyed the excess in value of the homestead premises over $1000.00, was a nullity so far as it attempted to convey the homestead estate not exceeding in value $1000.00. The title in fee to such homestead, being in Mrs. Roberts at the time of her death, then descended to her heirs-at-law, subject to the homestead right and dower of her husband. There was no abandonment or giving of possession by her pursuant to her deed.

As Mrs. Roberts had no children at the time of her death, her husband as her heir inherited one-half of her title in the homestead premises not exceeding $1000.00 in value, and the plaintiffs in error as her heirs inherited the other half subject to his dower and homestead rights therein. These dower and homestead rights ended, of course, when he died. It follows that, under the will of Wiley Roberts, one-half of the homestead estate not exceeding $1000.00 in value, and all of the homestead premises exceeding $1000.00 in value passed to defendants in error. Plaintiffs in error are entitled to one-half of the homestead estate not exceeding $1000.00 in value.

Hence, the decree of the circuit court was erroneous in dismissing the bill. The deed from Mrs. Roberts should have been set aside as to the homestead estate not ex-

ceeding in value $1000.00, and allowed to stand as to the excess in value over that amount.

Accordingly the decree of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*