MUNDY v. SHELLABERGER.

(Circuit Court of Appeals, Eighth Circuit. March 31, 1908.)

No. 2,648.

1. HOMESTEAD—CONTRACT BY HUSBAND ALONE TO CONVEY—MISSOURI STATUTE.
   An executory contract to convey a homestead, signed by the husband alone, is within Rev. St. Mo. 1899, § 3616 (Ann. St. 1906, p. 2034), which provides that every sale or alienation of a homestead by the husband shall be null and void, and such a contract can neither be enforced in equity nor be made the basis of an action for damages for nonperformance.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Homestead, §§ 194–202.]

2. SPECIFIC PERFORMANCE—ENFORCING PARTIAL PERFORMANCE—EXCESS OVER HOMESTEAD LIMIT.
   Under Rev. St. Mo. 1899, § 3616 (Ann. St. 1906, p. 2034), which makes any alienation of a homestead by the husband alone null and void, an executory contract by a husband to sell homestead property which exceeds in value the statutory limitation of $3,000 will not be specifically enforced by a court of equity as to the excess in value, which was not the contract made, nor will damages be awarded in lieu of performance as to such excess; both parties being chargeable with knowledge that the contract was void when it was signed.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 20–25.]

Appeal from the Circuit Court of the United States for the Western District of Missouri.

For opinion of the court below, see 153 Fed. 219.

Halbert H. McCluer (Omar E. Robinson and John T. Harding, on the brief), for appellant.

M. A. Fyke and A. S. Marley, for appellee.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. This action was brought by appellant to enforce the specific performance by appellee of the following contract:

"Kansas City, Mo. June 18, '04.

"Kirk L. Shellaberger, Kansas City, Mo.—Dear Sir: I herewith contract with and agree to deliver to you one hundred thousand shares of the Logan Oil & Gas Company stock, of the par value of one dollar each, full-paid and nonassessable, also sixty thousand shares of the Northern Petroleum Company stock, par value one dollar each, full-paid and nonassessable, also thirteen thousand one hundred and twenty-five shares Clermont Oil Company stock, par value one dollar, full-paid and nonassessable, for your Winifred Court, 541 Brooklyn avenue, upon which are sixteen brick cottages, and your residence, 135 Park avenue; said properties free from all mortgages. Rents from Winifred Court to come to me from date of delivery of deed; you to retain possession of your residence for 90 days, if necessary, free of rent. Deeds for said properties to be delivered within ten days from this date, or as near that date or sooner if possible. You to bring abstracts down to date. All stock I agree to deliver to you inside of ten days. Dated this 18th day of June, 1904.                                                                    J. F. Mundy.

   "Witness: W. Peard Thomas.
"I accept the above proposition and agree to carry out same.
                                                                    "K. L. Shellaberger.
   "Witness: W. Peard Thomas."

It is conceded by appellant that the property described in said contract as 135 Park avenue was on June 18, 1904, the homestead of appellee, occupied by himself and family to the knowledge of appellant. The property described in the contract is located in Kansas City, Mo. Section 3616, Rev. St. Mo. 1899 (Ann. St. 1906, p. 2034), provides that the homestead of every housekeeper or head of a family in cities like Kansas City shall not include more than 18 square rods of ground or exceed in value $3,000. Then follows this additional provision:

"The husband shall be debarred from and incapable of selling, mortgaging or alienating the homestead in any manner whatever, and every such sale, mortgage or alienation is hereby declared null and void: Provided, however, that nothing herein contained shall be so construed as to prevent the husband and wife from jointly conveying, mortgaging, alienating, or in any other manner disposing of such homestead, or any part thereof."

Appellant refuses to accept a decree for the specific performance of the contract for the Winifred Court property alone, and it necessarily results that, if no relief can be granted as to No. 135 Park avenue, the bill must be dismissed. Appellant, while conceding that specific performance of the contract cannot be had as to No. 135 Park avenue, insists that the court for that reason may, if it finds the contract wholly void as to such property, grant him compensation therefor in the way of damages. He further insists that, as No. 135 Park avenue is shown to be of the value of about $10,000, the contract to convey the same was at least good as to the excess in value of said property over and above the sum of $3,000, the homestead limitation, and that, as sections 3624, 3625, and 3626 of the Revised Statutes of Missouri (Ann. St. 1906, pp. 2046, 2047), provide that judgment creditors may have the homestead set off if the land claimed as such is larger in area than that provided by law for a homestead, or, where property is not susceptible of division without injury to the rights of the parties, may have the same sold and the amount of the homestead in value paid to the owner thereof and the excess paid to the creditors, the court may enforce the contract herein in a similar way as to the said excess in value. These contentions by appellant raise the following questions:

First. Is the contract to convey No. 135 Park avenue, treating the same as simply a homestead, wholly void for want of the signature of the appellee's wife, and, if so, can this court award compensation by way of damages for the failure of appellee to convey?

Second. Is the contract valid so far as the value of said homestead exceeds the sum of $3,000, and, if so, will the court proceed to enforce the contract as to such excess in some appropriate manner?

Section 3616, above quoted, declares every sale, mortgage, or alienation of the homestead made by the husband alone to be null and void. If an executory contract of sale can be held to be fairly within the denunciation of this law, then it also must be held null and void. No decision of the Supreme Court of Missouri has been cited, nor have we been able to find any, passing upon the question as to whether an executory contract of sale is within the statute. We are of the opinion, however, that upon principle and authority, where a present sale of the homestead is contemplated, as in the case at bar, an executory

contract for the sale of the homestead is within the statute, and therefore null and void when signed by the husband alone. In the case of Thimes v. Stumpff, 33 Kan. 53, 5 Pac. 431, the Supreme Court of that state had occasion to pass upon the validity of an executory contract of sale of the homestead when signed by the husband alone. In reference to this question the court said:

"The court below held, and we think correctly, that the contract made by the plaintiff was void, and that the note and money given and paid thereon by the defendant were without consideration. The Constitution of the state, as well as the statute relating to exemptions, provides that the homestead shall not be alienated without the joint consent of the husband and the wife, when that relation exists. In interpreting and applying the above provisions, it has been uniformly and consistently ruled by this court that, so long as the premises are impressed with the homestead character, no lease, mortgage, or deed, or other contract, intended to alienate the homestead or interfere with its use and occupancy as a homestead, made and executed alone by the husband and without the consent of the wife, is valid or effectual for any purpose whatsoever. * * * If a party cannot convey the homestead by mortgage or deed without the consent of his wife, he certainly cannot make a contract agreeing to convey that will be valid or binding without her concurrence."

In Silander v. Gronna, 15 N. D. 552, 108 N. W. 544, the Supreme Court of North Dakota held an executory contract for the sale of a homestead null and void for all purposes when signed by the husband alone. In Lichty v. Beale, 75 Neb. 770, 106 N. W. 1018, the Supreme Court of Nebraska held that an executory contract for the sale of a homestead entered into by one spouse alone is utterly void. Upon principle we do not see, where a present sale is contemplated, how an executory contract for the sale of the homestead can be looked upon in any other view than a selling or alienating thereof. Especially would this seem true in an action where one of the parties to the contract is asking the court to compel the other party to execute a conveyance in accordance with the contract. Treating the contract, therefore, as being within the statute, we come to the consideration of the question as to whether the contract is wholly void, and, if so, whether damages may be awarded for the failure on the part of the appellee to make a conveyance in accordance therewith. We are of the opinion that, both by the words of the statute itself and by the great weight of authority, the contract which appellant is seeking to enforce, treating No. 135 Park avenue as embracing nothing but a homestead, is wholly void. Waples on Homestead and Exemption, pp. 383, 384, states the rule to be as follows:

"Under the general rule that the husband alone cannot sell or incumber his dedicated homestead, all alienation of it in any form by his act, when the property itself is not liable in rem, is absolutely void, not only as to the rights of his wife, who does not join him in the deed, and as to the children, to whom the law gives the protection of shelter and the comforts of a habitation, but also as to himself. His act is a nullity, and he escapes the consequences which would follow it, so far as his own right and title is concerned, but for the equitable rights and interests of his family. His deed of contract is as though it was never written or designed."

Numerous authorities are cited in support of this statement of the author. We think Judge Philips stated the correct view of the matter

when, in deciding the case in the Circuit Court, he used the following language:

"When the text-writers and the courts speak of the right to commute in damages as to a part of the contract not susceptible of specific performance, they have in mind a contract of a party sui juris, which he had a right to make, not forbidden by law, and which he could perform if he had the title, or where he has by some act disqualified himself from performance. The ascertainment and awarding of damages in lieu of the specific thing in equity presupposes a contract valid and one enforceable in an action at law. Whether the suit be in equity for specific performance, with the incidental jurisdiction to proceed to the complete adjustment of the subject-matter of the controversy by awarding damages as to that part of the property embraced in the contract not capable of being conveyed for want of title, or the like, · or whether it be an action at law for damages consequent upon failure to entirely perform the underlying basis of the right to relief is the existence of a valid contract. It is inconceivable to the judicial mind how a contract void, especially when it contravenes the public policy of the state where made, can ever form the basis of a suit recognizable either in equity or law."

The following authorities have been examined, and they sustain the view that a contract such as is now under consideration, treating No. 135 Park avenue simply as a homestead, is null and void and cannot be used as a basis for the recovery of damages either at law or in equity: Silander v. Gronna, 15 N. D. 552, 108 N. W. 544; Lichty v. Beale, 75 Neb. 770, 106 N. W. 1018; Clarke v. Koenig, 36 Neb. 572, 54 N. W. 842; Meek v. Lange, 65 Neb. 783, 91 N. W. 695; Teske v. Dittberner, 70 Neb. 544, 98 N. W. 57, 113 Am. St. Rep. 802; Thimes v. Stumpff, 33 Kan. 53, 5 Pac. 431; Hodges & White v. Farnham, 49 Kan. 777, 31 Pac. 606; Webster v. Warner, 119 Mich. 461, 78 N. W. 552; Phillips v. Stauch, 20 Mich. 369; Hall v. Loomis, 63 Mich. 709, 30 N. W. 374; Gadsby v. Monroe, 115 Mich. 282, 73 N. W. 367; Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817; Cowgell v. Warrington, 66 Iowa, 666, 24 N. W. 266; Barnett v. Mendenhall, 42 Iowa, 296; Barton v. Drake, 21 Minn. 299.

It would seem useless to cite further authority, but the language of Judge Mitchell in the case of Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817, is so clear and forceful that we quote from the opinion as follows:

"But, notwithstanding some respectable authority to the contrary, it seems to us that to hold that a person is liable in damages for the nonperformance of a contract which he is under no legal obligation to perform would be illogical, and without analogy or precedent in the law. The very proposition involves a legal inconsistency. We think that on legal principles such a contract must be held void for all purposes, and not to constitute the basis of any action against the obligor. There are also strong practical considerations in favor of this view. While it is true, as counsel suggests, that to hold the husband liable for damages would not deprive him or his family of their homestead, yet to force him to the alternative of securing his wife's signature to the conveyance or being mulcted in damages for not doing so, and to place the wife in the dilemma of either having to sign the deed or see her husband thus mulcted in damages, might, and naturally would, often indirectly defeat the very object of the statute. There is nothing unjust to the obligee in holding such a contract absolutely void for all purposes. He is bound to know the law, and he always has actual notice, or the means of obtaining actual notice, of the fact that the land with which he is about to deal is a homestead."

In this connection we also quote from the opinion of Beck, C. J., in Cowgell v. Warrington, 66 Iowa, 669, 24 N. W. 268:

"The district court held that the specific performance of the contract in suit could not be enforced, but awarded damages against defendant. We think, under the plain language of the statute (Code, § 1990), the contract is invalid, and the defendant incurred no liability thereon. It is declared in the section just cited that a conveyance for the sale of the homestead, unless the wife concurs in and signs it, 'is of no validity.' Defendant bound himself to execute a conveyance which, under the law, would have been void. Surely plaintiff can recover no damages for the failure of defendant to execute a void deed. But, if the contract is to be regarded as a conveyance, it is equally plain that defendant is not liable for damages thereon, for the reason that it is void."

We have considered the decisions cited from the Supreme Courts of California and of Texas, but do not think that under the Missouri statute, which provides that the alienation of the homestead by the husband alone shall be null and void, such decisions can be held to be the rule in Missouri. Decisions such as Gee v. Moore, 14 Cal. 472, and Stewart v. Mackey, 16 Tex. 56, 67 Am. Dec. 609, and others, are rested on the ground that the entire object of the homestead provision is to secure a homestead, and that it was not intended to infringe upon the husband's rights of property any further than is necessary to accomplish that object. In these decisions the alienation of the homestead by the husband alone is held good as to the reversionary interest, or, in other words, that the conveyance or contract is good as soon as the property ceases to be occupied as the homestead. As we have heretofore said, we do not think that such a rule can be established in a jurisdiction where the statute itself makes such alienation of the homestead absolutely void.

In what we have heretofore said in regard to 135 Park avenue we have treated that property as being a homestead, and nothing more. We now come to the claim of the appellant that, as the property is worth more than the homestead limitation in value, we may secure to the appellant the excess in value of said property over and above the homestead limitation. There are cases which hold that the excess above the monetary limitation is under no restraint as to sale or mortgage. But the question, when it has been so decided, has not arisen in cases where specific enforcement of an executory contract of sale was asked, except in two or three cases. We will refer to the cases cited by counsel for appellant in support of this last contention.

Thorpe v. Thorpe, 70 Vt. 46, 39 Atl. 245, was an action to foreclose a mortgage. It was decided in that case that a husband who owns land surrounding the house which he occupies with his family for a home, and which together with the house is of more value than the homestead exemption, may select out and convey, free from homestead rights, a portion of such surrounding land by his sole deed, provided the land conveyed had not been, and was not then, used for any homestead purposes, or any purpose in connection with the home or dwelling, although it was so located that it might be used for such purposes. Goodloe v. Dean, 81 Ala. 479, 8 South. 197, was an action to foreclose a mortgage. The amount of land mortgaged was 240 acres. The homestead limitation was 160 acres. It was decided that

the mortgage was good for the excess in area. De Graffenried v. Clark, 75 Ala. 425, and Butts v. Broughton, 72 Ala. 294, are cited to support the above decision. Neiman v. Schuster (Tex. Civ. App.) 43 S. W. 1075, was an action to recover the possession of 4 acres which were a portion of a tract of 200 acres claimed as a homestead. It was alleged that at the time Neiman conveyed the 4 acres they were part of the homestead, and that the conveyance by Neiman was void for want of the signature of Mrs. Neiman. The court decided that as the entire tract of land owned by Neiman contained more than 200 acres, and as there was no such use of the 4 acres in controversy as necessarily constituted it a part of the home, the conveyance was good without the consent of the wife. Wallace v. Harris, 32 Mich. 399, was a suit in equity to settle certain disputes over real estate. The Constitution of Michigan limits the homestead to 40 acres, when not included in any town plat, city, or village. It was decided in this case that a conveyance of one entire tract of 80 acres was good as to that part of the tract that did not constitute the homestead. In State Nat. Bank of Louisiana v. Lyons, 52 Miss. 184, it was decided that a mortgage on land, which was a homestead and worth $10,000, would be enforced as to the excess over $2,000, the homestead limitation. Coles v. Yorks, 31 Minn. 213, 17 N. W. 341, was a case decided by the Supreme Court of Minnesota. Yorks and his wife resided upon a block of land in the city of Stillwater, which block was subdivided into 12 lots. Yorks executed a mortgage upon the property without the wife's signature. The rightful homestead of Yorks was one lot. It was held in this case that the mortgage was good for the quantity of land in the block, excepting one lot. In Boyd v. Cudderback, 31 Ill. 113, it was decided that a mortgage by a husband alone on property including the homestead was good as to the excess. In Despain v. Wagner, 163 Ill. 598, 45 N. E. 129, it was decided that a deed by a married woman to a tract of land including her homestead was good as to the excess value of the homestead tract. In Ferguson v. Mason, 60 Wis. 377, 19 N. W. 420, the Supreme Court of Wisconsin held that a conveyance by the husband alone which reserved all homestead rights was not void under the statute of Wisconsin.

The case of Watson v. Doyle, 130 Ill. 415, 22 N. E. 613, is the only case cited where an executory contract of sale of real estate including the homestead was enforced. It appeared in this case that the homestead limitation of value in Illinois was $1,000. The court in this case held that, if the parties seeking to enforce the contract would accept a conveyance subject to the homestead, the court would decree a specific performance. On the other hand, in Clarke v. Koenig, 36 Neb. 572, 54 N. W. 842, it was held that the value of the property did not change the rule making a contract to convey the homestead by the husband alone absolutely void. Phillips v. Stauch, 20 Mich. 369, is to the same effect. In Hall v. Loomis, 63 Mich. 711, 30 N. W. 374, Campbell, C. J., used the following language:

"The fact that the property contained more in value than a homestead, and that the contract may have been valid for the excess, will not avoid the difficulty. In Phillips v. Stauch, 20 Mich. 369, a similar question came up, and this court refused to attempt any specific performance as to the residue,

which complainant was willing to accept with compensation, because it was not the contract the parties made, and would require new arrangements not convenient for a court of equity to frame. Mrs. Loomis could not have enforced the contract as it stood, and could not be bound when Hall was not. The consideration was not based on a money valuation, and could not, therefore, be apportioned with any certainty."

There being no controlling authority upon the proposition now under consideration, we must arrive at a conclusion which shall appear to be just and equitable. The specific performance of a contract by a court of equity cannot be claimed as an absolute right. The granting of the equitable remedy is, in the language ordinarily used, a matter of discretion—not of an arbitrary, capricious discretion, but of a sound judicial discretion, controlled by established principles of equity, and exercised upon a consideration of all the circumstances of each particular case. Pomeroy's Equity Jurisprudence, § 1404. In view of the statute of Missouri, which makes the alienation of the homestead by the husband alone in any manner whatever null and void, ought a court of equity by its decision to increase the ability of the husband to dismember and break up the home? Ought the chancellor to exercise his legal discretion for that purpose? Has the court the power to do so?

Appellant stands in no such position as a judgment creditor. When this court is asked to decree a specific performance of a contract, it must be shown that the contract is perfectly fair, equal, and just in its terms, and that the enforcement of it will not be harsh and oppressive. Again, our power to grant any relief whatever must arise from the contract the specific performance of which is sought to be enforced, and that relief cannot go beyond the contract which the court finds the parties have made. How can the court, in decreeing the specific performance of a contract between appellant and appellee, disturb the homestead rights of Mrs. Shellaberger, who was not a party to the contract nor to this litigation? The fact that the lawmaking power has authorized a judgment creditor to carve out a homestead and possess himself of the excess in area or value of a tract of land confers no authority upon this court to do the same under the pretense of decreeing the specific performance of a contract, especially where the wife and family, the principal beneficiaries of the homestead law, are not before the court. We are of the opinion that we have no power in this case to decree a destruction of the homestead without the consent of the wife. So far as the question of damages is concerned in lieu of performance of the contract as to the excess in value, we do not think the appellant stands in a position where he can maintain such a claim. At the time of the making of the contract appellant knew that No. 135 Park avenue was a homestead. Being charged with a knowledge of the law, he knew that appellee could not convey such homestead. He cannot, therefore, be heard to say now that he had been damaged by reason of the inability of the court to disturb the homestead, nor can he with any reason claim that the agreement to convey 135 Park avenue formed any part of the consideration for the contract, as he knew it was void. We have not dis-

cussed the whole merits of the case; but the evidence has all been read, and we cannot say that the view we have taken of the homestead question has led to an inequitable result.

The decree of the court below must be affirmed; and it is so ordered.