**P. J. Garrard, Administrator, Appellee, v. J. S. Ashbrook Company and J. E. Ashbrook, Appellants.**

1. HOMESTEAD—*what surrender essential to conveyance.* To make a conveyance of a homestead estate effective by the surrender of the premises by the parties entitled to such estate, the surrender must be made pursuant to the instrument executed.

2. HOMESTEAD—*sufficiency of surrender.* Where a husband executed an instrument purporting to convey premises constituting a homestead, but which was not signed by the wife and which contained no release of the homestead estate, the fact that after his death the family moved from the premises and established a homestead elsewhere did not constitute a surrender of the premises pursuant to the conveyance, and the instrument properly was held void.

3. WITNESSES—*disqualification of grantee in suit by grantor's administrator to cancel deed.* In a suit by an administrator to cancel a deed and quiet title, the party named in the deed as grantee was a necessary party who would be disqualified from testifying concerning transactions with deceased under Cahill's Ill. St. ch. 51, ¶ 2.

4. DEEDS—*insufficiency of evidence to show giving to secure future indebtedness.* Testimony that a decedent had said that he

wanted to give his creditors a deed, that the creditors had been good to him and he did not want to see them lose anything and wanted to protect them, was insufficient to show that the deed given was given to secure future indebtedness.

5. DEEDS—*when consideration named in instrument presumed actual consideration.* In the absence of proof to the contrary, between the parties thereto the consideration set forth in a deed must be taken as the actual consideration.

6. PAYMENT—*right of creditor to apply.* If a debtor does not direct the application of voluntary payments made by him, the creditor may apply them as he chooses, and if the power is exercised by neither, the court will make the application on equitable principles and apply the payment on that debt for which there is the least security.

7. CANCELLATION OF INSTRUMENTS—*insufficiency of evidence to support decree.* In an action to cancel a deed executed by a decedent as security, *held* that the evidence failed to show that the debt secured by the deed had been paid and that the court erred in decreeing cancellation of the deed.

Appeal from the County Court of Crawford county; the Hon. JOHN C. MAXWELL, Judge, presiding. Heard in this court at the March term, 1920. Affirmed in part, reversed in part and remanded with directions. Opinion filed October 28, 1920. Rehearing denied December 22, 1920.

FRED A. KINZEL, for appellants.

NEWLIN, PARKER & NEWLIN, for appellee.

MR. JUSTICE EAGLETON delivered the opinion of the court.

On December 5, 1918, Walter E. Shoffstall died intestate leaving a widow and five children, the children all being minors. Shortly after the death of Shoffstall, P. J. Garrard was appointed administrator of his estate and in due course of administration filed a petition to sell real estate to pay debts.

The real estate sought to be sold consisted of parts of two lots in W. W. Mills' and others' addition to the City of Robinson, one of which was occupied as a residence by the deceased and his family at the time of and for several years prior to his death and will be

referred to in this opinion as the "home property." The other being a property whereon was a small mill and will be referred to as the "mill property."

The deceased had, for a number of years, been engaged as a retail dealer in stock feeds at Robinson, Illinois, and in carrying on that business had, from time to time, purchased, on credit, large quantities of such feeds from J. S. Ashbrook Company, a corporation, with its principal place of business at Mattoon, Illinois.

On May 11, 1916, the deceased, by the name W. E. Shoffstall Company, signed what he called a bill of sale for the "home place" to the J. S. Ashbrook Company and therein recited a consideration of $300.

On the 12th day of May, 1916, the deceased signed and acknowledged a deed to J. E. Ashbrook for the "mill property" and recited therein a consideration of $500.

On the 13th day of May, 1916, the above instruments were mailed by the deceased to J. E. Ashbrook, secretary and treasurer of J. S. Ashbrook Company, who caused the deed to be recorded in the office of the recorder of deeds of Crawford county.

In an amended petition filed by the administrator was set forth the execution of the above-mentioned deed to J. E. Ashbrook and that it was to secure the payment of the indebtedness due said Ashbrook Company at the time of the execution thereof; that the deed was, in fact, a mortgage and that the indebtedness secured thereby had been paid and that said deed and the record thereof were clouds on the title to said lands. J. S. Ashbrook Company and J. E. Ashbrook were made defendants to the amended petition and in the prayer it was asked that the deed and the record thereof be canceled.

The defendants, J. S. Ashbrook Company and J. E. Ashbrook, filed their joint and several answer to the amended petition in which they set forth the execution

of the two instruments and that the instruments were executed by the deceased to secure the indebtedness due and to become due and that there was a balance due of $2,064.43.

During the trial J. E. Ashbrook was called by the defendants, as a witness, and on objection by the petitioner the court held him incompetent.

After hearing all the evidence the court declared the instrument executed by the deceased against the "home place" to be void and that the deed to the "mill property" was executed as a mortgage to secure indebtedness due the Ashbrook Company at the time of the execution thereof and that said indebtedness had been paid, that the deed and the record thereof be canceled and that said lands be sold free from the liens claimed under the deed and bill of sale.

It is assigned as error and argued by the appellants that the court erred in holding the instrument executed by the deceased whereby he attempted to convey the "home place" was void. The testimony shows the deceased occupied those premises, with his family, as a homestead and had only a contract for the purchase thereof at the time he executed the instrument; that his wife did not sign the same; that there was no release of the homestead estate therein; that it was not acknowledged and certified as provided by law for the present release of a homestead estate, and that said lands at the time of the execution of said instrument were worth about $800 and the deceased had paid $299 on the purchase price thereof.

The evidence also shows that after the death of the intestate, the widow, taking the children with her, removed from these premises and established a homestead elsewhere and that at the time of the decree the homestead estate had ceased to exist and the court so decreed.

In order to make a conveyance of the homestead estate effective by the surrender of the premises by

the parties entitled to such estate, the surrender must be made pursuant to the instrument executed. *Gray v. Schofield,* 175 Ill. 36; *Donahoe v. Chicago Cricket Club,* 177 Ill. 351. The evidence in this record does not show the premises were surrendered pursuant to the conveyance executed by the deceased and the court did not err in holding the instrument under consideration void.

The ruling of the court in refusing to allow the appellant, J. E. Ashbrook, to testify when called as a witness on behalf of the appellant, is also urged as error. The instrument executed by the deceased on the "mill property" was a statutory form of warranty deed and recited a consideration of $500, and J. E. Ashbrook was named as grantee therein. J. E. Ashbrook was a necessary party defendant to the proceeding. The statute on evidence provides: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends * * * as executor, administrator * * * of any deceased person * * *." Hurd's Rev. St. 1916, ch. 51, sec. 2 (Cahill's Ill. St. ch. 51, ¶ 2). J. E. Ashbrook was a necessary party defendant and, so far as appeared from the deed, was the only party made necessary as a defendant by that instrument.

The Supreme Court in the case of *Alexander v. Hoffman,* 70 Ill. 114, in considering the statute of 1867, said of that statute: "The language of the Section: No party to any civil action, suit or proceeding, or person directly interested in the result thereof, shall be allowed to testify, is not of doubtful meaning," and said: "There is manifest justice in this statute. While both parties to a transaction are living, they are upon a perfect equality, and can each testify. When one is dead, the other is not permitted to give

evidence, and thus take advantage of the heirs of the deceased, who are wholly ignorant of the facts."

The statute under which this proceeding is prosecuted provides, "the practice in such cases shall be the same as in cases in chancery * * *." Hurd's Rev. St. 1916, ch. 3, ¶ 100 (Cahill's Ill. St. ch. 3, ¶ 102); *Therens v. Therens,* 267 Ill. 592. This includes all steps to be taken including all orders, judgments, appeals, costs and executions. *Weil v. Federal Life Ins. Co.,* 182 Ill. App. 322; 31 Cyc. 1153; *Hoffman v. Paradis,* 259 Ill. 111.

It thus appears that J. E. Ashbrook was a necessary party and one against whom judgment for costs might be rendered (*Knowles v. Knowles,* 86 Ill. 1), and while the presumption is that one offered as a witness is competent (*Boyd v. McConnell,* 209 Ill. 396), and the fact that one is named as a party is not of itself sufficient to preclude him as a witness (*Ackman v. Potter,* 239 Ill. 578), the fact that J. E. Ashbrook held the legal title to the property in question and that a decision in favor of the administrator would deprive him of that title and might subject him to the payment of costs warranted the court in refusing to allow him to testify.

The remaining question to be considered is as to the finding in the decree of the trial court that the debt secured by the deed to the "mill property" had been paid.

The only evidence on which appellants can base the claim that the instrument was given to secure future indebtedness is the testimony of Mrs. Fred Sankey, a former bookkeeper for the appellant, Ashbrook Company. She testified Shoffstall said he wanted to give Ashbrook a deed, that the company had been good to him and he did not want to see them lose anything and wanted to protect them. This is insufficient to show the security was given to secure future indebtedness. It appears from the evidence that the deceased was

indebted to the Ashbrook Company, on May 13, 1916, in the sum of $2,774.18, while the consideration recited in the deed was $500. In the absence of proof to the contrary between the parties thereto the consideration set forth in the deed must be taken as the actual consideration. *Spohr v. City of Chicago,* 206 Ill. 441.

The question remaining to be determined is whether the amount secured by the deed had been paid. The evidence shows that on May 13, 1916, the deceased owed the Ashbrook Company $2,774.18, and that the balance on December 5, 1918, was $1,982.83. The smallest amount owing by Shoffstall between those dates was $1,686.48. There is nothing in the record showing that the deceased directed that any payment made should be applied on the debt secured by the deed nor is there any proof that the appellants credited any such payment on that particular debt.

In *Monson v. Meyer,* 190 Ill. 105, the Supreme Court said: "The general rule in case of voluntary payments by a debtor is that the debtor may, if he chooses, control the application of the payment. If he does not direct the application, the creditor may exercise the power of applying it where he chooses, and if the power is exercised by neither, the court will make the application on equitable principles, and will apply the payment on that debt which is not secured or for which there is the least security. Equity requires the debtor to pay all his obligations and the court will credit the payment so as to give the creditor the best security for the debt remaining unpaid." See also *Plain v. Roth,* 107 Ill. 588. Applying this rule to the facts in this case, it follows that the payments made by the deceased would be credited on the unsecured amount owing by him at the time the payments were made and no part of the secured debt was paid. The court therefore erred in holding that the debt secured by the deed was paid and in decreeing that the deed and the record thereof be canceled.

For the reasons indicated the order and decree of the trial court will be affirmed in part and reversed in part and remanded with directions to the trial court to correct the decree to conform to this opinion.

*Affirmed in part and reversed in part and remanded with directions.*